**WALLS REGIONAL HOSPITAL,**
Petitioner,

v.

**Kym BOMAR, Laura Cosby,
and Cynthia Patterson,**
Respondents.

No. 99–0057.

Supreme Court of Texas.

Dec. 16, 1999.

**806**

Kent R. Smith, Gary Lynn Ingram, Fort Worth, for Petitioner.

Jim (James) Claunch, Kirk Matthew Claunch, Fort Worth, James E. Ferguson, Cleburne, for Respondents.

PER CURIAM.

Nurses Kym Bomar, Laura Cosby, and Cynthia Patterson sued their employer, Walls Regional Hospital, for negligently allowing Dr. George Boyett, a physician with staff privileges, to sexually harass them at work. Specifically, plaintiffs allege that the Hospital failed to provide them with a safe place to work and negligently hired or credentialed Boyett, despite their repeated complaints about his behavior. The Hospital moved for summary judgment in part on the ground that plaintiffs' action is barred by the Workers' Compensation Act, and the district court granted the motion. The court of appeals reversed, holding in part that the Hospital had failed to establish as a matter of law that plaintiffs' injuries occurred in the course of their employment so as to be barred by the Act.[1] More particularly, the court concluded that fact issues remained concerning whether Boyett harassed plaintiffs for personal reasons unrelated to work.[2] We agree with the district court.

The Workers' Compensation Act provides the exclusive remedy for employees' injuries sustained in the course of their employment,[3] at least if the injuries are compensable under the Act.[4] Some injuries are not compensable, among them one that "arose out of an act of a third person intended to injure the employee because of a personal reason and not directed at the employee as an employee or

1. 983 S.W.2d 834.

2. *Id.* at 839.

3. Tex. Labor Code § 406.034(a); *Rodriguez v. Naylor Indus., Inc.,* 763 S.W.2d 411, 412 (Tex. 1989).

4. *GTE Southwest, Inc. v. Bruce,* 998 S.W.2d 605, 620 (Tex.1999). We do not consider whether the Act may also bar claims for any noncompensable injuries.

because of the employment"[5]—the so-called "personal animosity" exception. We explained in *Nasser v. Security Insurance Co.* that

> the purpose of the "personal animosity" exception is to exclude from coverage of the Act those injuries resulting from a dispute which has been transported into the place of employment from the injured employee's private or domestic life, at least where the animosity is not exacerbated by the employment. Whenever conditions attached to the place of employment or otherwise incident to the employment are factors in the catastrophic combination, the consequent injury arises out of the employment.[6]

There we held that a restaurant manager stabbed by a customer's jealous boyfriend was entitled to compensation benefits because his duties included interaction with customers.

■ Plaintiffs allege in their petition that Boyett harassed them "while they were engaged in their work", and all the incidents described in the summary judgment record occurred while plaintiffs were doing their jobs and Boyett was doing his. Plaintiffs do not contend that Boyett ever accosted them privately outside the Hospital, nor do they contend that he came to the Hospital because they were there. On the contrary, plaintiffs contend, and the summary judgment record establishes, that Boyett harassed plaintiffs because they happened to be at work at the same time he was. Indeed, plaintiffs allege that Boyett had harassed other female employees and patients in the past. Plaintiffs' problems with Boyett were not "transported into the place of employment from [their] private or domestic [lives]"; rather, their problems occurred only at the Hospital. "[C]onditions attached to the place of employment" were not only "factors in the catastrophic combination" that led to plaintiffs' injuries, they were the exclusive setting for the harassment. Two of the three plaintiffs each filed an affidavit in response to the Hospital's motion for summary judgment that described offensive encounters with Boyett at work and stated: "This assault had nothing to do with my work. The sexual assault occurred for reasons that were personal to Dr. George Boyett."[7] These characterizations of Boyett's conduct and motives were conclusory and do not create a fact issue.[8] As a matter of law, the Hospital has established that plaintiffs' injuries do not fall within the "personal animosity" exception.

■ Plaintiffs do not contend that the Hospital intentionally injured them, thereby opening itself to liability notwithstanding the Act.[9] At most plaintiffs contend that the Hospital was willfully negligent (though they have not sued the Hospital for punitive damages). That is not enough to avoid the Act's bar.[10] The court of appeals cited the Act's exception for injuries "caused by the employee's wilful attempt to injure himself or to unlawfully injure another person",[11] but the employee that that provision refers to is the claimant, not another. Plaintiffs certainly do not contend that they intended to injure themselves or others. Moreover, Boyett

5. TEX. LABOR CODE § 406.032(1)(C).

6. 724 S.W.2d 17, 19 (Tex.1987) (citations omitted).

7. The record contains part, but not all, of what appears to be a similar affidavit by the third plaintiff.

8. *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 122 (Tex.1996) (per curiam); *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984) (citing *Life Ins. Co. of Virginia v. Gar–Dal, Inc.,* 570 S.W.2d 378, 381 (Tex.1978)).

9. *Rodriguez,* 763 S.W.2d at 412.

10. *Castleberry v. Goolsby Bldg. Corp.,* 617 S.W.2d 665, 666 (Tex.1981) ("An injury caused by willful negligence or willful gross negligence is not an intentional injury necessary to avoid the [bar] of the Workers' Compensation Act.").

11. 983 S.W.2d at 838.

was not employed by the Hospital but was merely allowed to practice there.

Because the summary judgment record establishes that plaintiffs' injuries occurred in the course of their employment, the Act bars plaintiffs' negligence action against the Hospital. Without hearing oral argument,[12] the Court grants the Hospital's petition for review, reverses the judgment of the court of appeals, and renders judgment for the Hospital.