Affirmed and Opinion filed September 30, 2003









Affirmed
and Opinion filed September 30, 2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00244-CV

____________

 

RICHARD URDIALES, JR., Appellant

 

V.

 

CONCORD TECHNOLOGIES DELAWARE, INC., Appellee

 



 

On Appeal from the 157th District Court

Harris County, Texas

Trial Court Cause No. 01-23198-A

 



 

O
P I N I O N

Richard
Urdiales, Jr. sued his former employer, appellee Concord Technologies Delaware, Inc., because his
supervisor, Alfredo Cantu, assaulted him. 
The trial court granted summary judgment on his claims, apparently
concluding that (1) they were barred by the Texas Workers=
Compensation Act and (2) he was not engaged in a protected activity.  We affirm for these same reasons and a few
additional ones.

 








A.      Factual
Background

The
following facts are drawn from Urdiales=
petition.  On March 28, 2000, Cantu
struck Urdiales in the chest with a steel pipe during
an argument started because Urdiales was late
returning from lunch.  Urdiales suffered chest pains and a contusion.  Cantu was Urdiales=
supervisor at Concord.  Cantu received a
written warning from Concord, and eventually pleaded nolo
contendere to criminal assault.  Unhappy with Concord=s
response to the incident, Urdiales filed suit against
Concord and Cantu.  Concord then fired Urdiales, allegedly because he filed the lawsuit.  

The
lawsuit contained numerous causes of action against Concord, including
violation of Texas Labor Code section 21.055, assault and battery, intentional
infliction of emotional distress, negligent hiring, negligent retention,
negligent supervision and training, negligent entrustment, and liability based
on respondeat superior.  The lawsuit also contained claims against
Cantu. 

Concord
moved for summary judgment, claiming it was entitled to it because all of Urdiales= claims were either barred by the
Texas Workers= Compensation Act or did not fall
within an exception to the Act.  The
trial court granted summary judgment in favor of Concord on all of Urdiales= claims against it and denied Urdiales= partial no-evidence motion for
summary judgment; she also denied a motion to reconsider.  The trial court then severed the claims
against Concord and entered a final judgment for Concord.  After doing that, she recused
herself.  This appeal followed.

B.        Issues on Appeal

On
appeal, Urdiales contends the trial court erred in
granting Concord=s motion for summary judgment and in
denying Urdiales= partial no-evidence motion for
summary judgment for three reasons: 








$                  
his negligence claims were not
barred by the Texas Workers= Compensation Act and were based on Concord=s responsibility for the employment of an unfit,
dangerous, or unqualified employee; 

$                  
his intentional tort claims were
viable under a respondeat superior theory; and

$                  
his retaliation claim was based on
his participation in a protected activity. 


 

He
also complains about two other actions of the trial court unrelated to the
summary judgment.  First he claims all of
the trial court=s orders are void and unenforceable
because the trial court recused herself after signing
them.  Then he argues that the trial
court erred in severing the claims against Concord from the claims against
Cantu.  

C.        The Trial Court=s Recusal

If
Urdiales= argument regarding recusal is correct, the judge would not have been
authorized to sign the summary judgment orders. 
As a result we will address that issue first.  Urdiales also
contends that the trial judge=s orders granting Concord=s
summary judgment and severance motions are void and unenforceable because she recused herself from the case on her own motion after
signing the orders.  He asserts that if
the judge had reasons to recuse herself after
granting the motions, those same reasons existed prior to granting them, and
therefore fairness and equity demand that we reverse and remand for trial.  We do not accept the premise of this
argument, nor does the recusal rule incorporate this
type of reasoning.  See Tex. R. Civ. P. 18a.  When a judge voluntarily recuses
herself, the rule does not require that all prior orders must be set
aside.  In fact, the rule states that a
judge who recuses herself Ashall
make no further orders and shall take no further action in the
case except for good cause stated in the order in which such action is taken.@  Tex.
R. Civ. P. 18a(c) (emphasis added). 








In
addition, a more fundamental problem with Urdiales=
argument exists.  He points to no
evidence showing that the judge was biased or otherwise should be recused or that any prior rulings were taintedCother
than to argue that they must have been tainted because the judge decided to recuse herself.  The
record does not reveal why the judge recused herself.
In addition, as we explain later in the opinion, we have reviewed at least two
rulings and held that they were appropriate. 
We cannot speculate on the reason for her voluntary recusal.  Having nothing to show whether or why the
judge met the grounds for recusal, we cannot conclude
that all prior rulings must be set aside. 
See Tex. R. Civ. P.
18b(2) (enumerating grounds for recusal).  For these reasons, we overrule this issue.

D.       The Summary Judgment Issues

1.       The Negligence Claims and the
Personal Animosity Exception.

We
next turn to the summary judgment issues. 
Concord=s motion for summary judgment argued
that Urdiales= negligence claims were barred by
the Workers= Compensation Act, which generally
is the exclusive remedy when employees sustain certain injuries while
working.  See Tex. Lab. Code Ann. '
408.001 (Vernon 1996); Walls Reg=l
Hosp. v. Bomar,
9 S.W.3d 805, 806 (Tex. 1999).

On
appeal, Urdiales does not dispute that he was covered
by the Workers= Compensation Act or that he was
acting in the course and scope of his employment.  But, he claims an exception applies to his
negligence claims so that they are exempt from the Act. He claims his injuries Aarose
out of an act of a third person intended to injure the employee because of a
personal reason and not directed at the employee as an employee or because of
the employment.@ 
Tex. Lab. Code Ann. '
406.032 (Vernon 1996).  So, Urdiales argues that Cantu did not assault him because of
work; Cantu assaulted him because of personal animosity unrelated to work.  As we discuss below, the record does not
support Urdiales= claim.  But before we consider the evidence, we will
review what the Texas Supreme Court has said about the personal animosity
exception.  








The
Supreme Court addressed this issue in Walls Regional Hospital v. Bomar, 9 S.W.3d at 805B08. 
There, the Court explained the following:

The Worker=s Compensation Act provides the exclusive remedy for
employees=
injuries sustained in the course of their employment, at least if the injuries
are compensable under the Act.  Some
injuries are not compensable, among them one that Aarose out of an act of a third person intended to injure
the employee because of a personal reason and not directed at the employee as
an employee or because of the employment@Cthe so-called Apersonal animosity exception.@  We explained in Nasser
v. Security Insurance Co. that

the purpose of the Apersonal
animosity@ exception is to exclude from
coverage of the Act those injuries resulting from a dispute which has been
transported into the place of employment from the injured employee=s
private or domestic life, at least where the animosity is not exacerbated by
the employment.  Whenever conditions
attached to the place of employment or otherwise incident to the employment are
factors in a catastrophic combination, the consequent injury arises out of the
employment.

Id.
at 806B07 (citations omitted).

Nasser and
Bomar are both good examples of how narrow the
personal animosity exception is.  In Nasser,
a restaurant manager was stabbed by a customer=s jealous boyfriend. The personal
animosity exception did not apply, and thus the manager was entitled to
compensation benefits, because his duties included interaction with the
customers.  Nasser v. Sec. Ins. Co.,
724 S.W.3d 17, 19 (Tex. 1987).  Likewise,
the exception did not apply in Bomar.  There, two nurses alleged that they were
sexually harassed at work by one of the doctors.  In reviewing the case, the court noted that Aall
the incidents described in the summary judgment record occurred while
plaintiffs were doing their job and Boyett was doing
his.@  Id. at 807.  And, the court pointed out that the nurses
did not contend that the doctor ever accosted them privately outside the
hospital or that he came to the hospital because they were there.  Id. 
The Bomar comments are
especially relevant here.








Like
the nurses in Bomar, Urdiales
identifies no personal dispute or animosity that motivated Cantu to assault
him.  He also does not dispute that the
fight with Cantu occurred after Cantu confronted him about being late from his
lunch break.  In fact, he alleges this
fact throughout his first amended petition and in his affidavit in response to
Concord=s
motion for summary judgment.  He also
does not challenge the sworn statement of a Concord representative that when
Cantu hit Urdiales, Urdiales
Ahad
just returned from lunch and was having a conversation with Alfredo Cantu
regarding his tardy return ....@ 
In short, as in Bomar, nothing in the
record shows that Cantu attacked him because of an event or a relationship
outside of work.

We
find Concord demonstrated as a matter of law that Cantu=s
dispute with Urdiales was directed to Urdiales as an employee and arose from his employment.[1]  Therefore, the personal animosity exception
to the Workers= Compensation Act does not apply,
and we overrule Urdiales=
complaint that it does apply. 








Having
found that the Apersonal animosity@
exception to the Workers= Compensation Act does not apply
here, all of Urdiales= negligence claims are barred; the
Workers=
Compensation Act is Urdiales=
exclusive remedy for them.  We also
overrule his contention that summary judgment was improper because the gravamen of the negligence claims was Concord=s
negligence in hiring, training, entrustment, retention, and supervision of
Cantu.  This was addressed in Bomar where the Court held that the Act barred these
negligence-based claims.  Bomar, 9 S.W.3d at 806B08 (upholding summary judgment on
nurses=
claims against hospital for failing to provide a safe workplace, negligent
hiring, and negligent credentialing of doctor because Workers=
Compensation Act provided exclusive remedy for sexual harassment occurring at hospital).


2.       The Intentional Tort Claims and Respondeat Superior.


Urdiales also asserts that summary judgment
was improper on his intentional tort claims because Cantu=s
intentional acts should be imputed to Concord under a theory of respondeat superior. 
We assume he is arguing that, if Concord is liable under respondeat superior law, Concord must pay, even though Urdiales did not opt out of worker=s
compensation coverage.[2]  Earlier we discussed one exception to the Act=s
coverageCthe
Apersonal
animosity@ exception.  This issue implicates another exception, the Aintentional
tort@
exception.[3]  Under that exception, an employer can, under
certain circumstances, be sued at common law for its own intentional torts,
even though it provides insurance under the Act.








Again,
as with the personal animosity exception, we have guidance from the Texas
Supreme Court on this issue.  In Medina
v. Herrerra, the Court discussed the intentional
tort exception and discussed when an employer can be held liable for its
employee=s
intentional act.  See Medina v. Herrerra, 927 S.W.2d 597, 601 (Tex. 1996).  There, like here, one employee attacked another
employee while they were both at work. 
Medina was injured in the attack as Urdiales
was here.  There, like here, Medina was
covered by workers= compensation.  Even though the Court stated it would not
resolve the issue, it spent some time discussing when an employer should be
held liable for the intentional tort of its employee.

It
cited to a court of appeals opinion and to a workers=
compensation treatise, both of which concluded that the intentional tort
exception to the workers= compensation statute 

should apply to corporate employers
only when the Aassailant is, by virtue of control
or ownership, in effect the alter ego of the corporation,@
or where the corporate employer specifically authorizes the assault.  2A
Larson, the law of Workmen=s compensation, ' 68.00, 68.21 (1990).  The mere fact that an employer may be liable
for conduct under a theory of respondeat superior,
according to Professor Larson, should not impute the conduct itself to the
employer so as to trigger the exception from workers=
compensation coverage.  Id.  Likewise, the mere fact that the tortfeasor holds a supervisory position over the claimant
should not trigger the exception.  Id.
'
68.22.

Id.
at 601. 

This
conclusion makes sense.  Setting aside
the specific issue here for a moment, generally, the intentional injury
exception has always been narrowly construed. 
See Reed Tool Co. v. Copelin, 689
S.W.2d 404, 406 (Tex. 1985).  AAn
injury caused by willful negligence or willful gross negligence is not an
intentional injury necessary to avoid the effect of the Workers=
Compensation Act.@ 
Castleberry v. Goolsby Bldg. Corp., 617
S.W.2d 665, 666 (Tex. 1981).  AFalling
within the intentional injury exception are direct assaults by the employer on
an employee.@ 
Copelin, 689 S.W.2d at 406.  Mere negligence or willful negligence will
not suffice because the specific intent to inflict injury is lacking.  Id. 
AIntent@ means A> the actor desires to cause [the]
consequences of his act, or that he believes that the consequences are
substantially certain to result from it.=@  Id. 
(quoting Restatement (Second)
of Torts ' 8A (1965)); see also Prescott,
878 S.W.2d at 695.








The
Copelin court explained that a narrow interpretation
was appropriate.  See Copelin, 689 S.W.2d at 407.  A broader interpretation of the exception
would work against the exclusive remedy provision of the workers=
compensation statute; that provision is a vital element of the statute.  

The Act established a system of
liability without fault.  In exchange,
the employee had to give up certain elements of damage recoverable under common
law negligence.  The system balances the
advantage to employers of immunity from negligence and potentially larger
recovery in common law actions against the advantage to employees of relatively
swift and certain compensation without proof of fault.... The continued
effectiveness of the worker=s compensation scheme depends on the
continued ability to spread the risk of such losses.  If employers are required to provide not only
worker=s
compensation but also to defend and pay for accidental injuries, their ability
to spread the risk through reasonable insurance premiums is threatened, and the
balance of advantage and detriment would be significantly disturbed.

Id. 

Although
the court was referring to negligence claims, even willful negligence
claims,  the same reasoning applies to an
intentional tort as we have here.  It
would disturb the balance the Workers= Compensation Act achieved if we
allowed an employee, injured by the intentional tort of a co-employee, to sue
and recover from their employer simply because the tort was committed (1) at
work (2) by an employee of the company. 
Something more must be present to bring the case within the intentional
injury exception.  See Medina, 927
S.W.2d at 601; see also Prescott, 878 S.W.2d at 695 (intentional tort
exception is narrow; for employer to be held liable for employee=s
act, employer must have hired employee intending that employee injure another).  For these reasons, we overrule Urdiales= claims based on respondeat
superior. 

 

 








3.       Participation in a Protected Activity.

We
now turn to Urdiales= complaint that the trial court
erred in granting Concord=s motion for summary judgment and in
denying his partial no-evidence summary judgment motion on his retaliation
claim, which was based on his allegation that he participated in a protected
activity under Texas Labor Code section 21.055. 
Specifically, he contends that Concord terminated his employment in
violation of the Code when it fired him for filing this lawsuit against it.  Moreover, Urdiales
contends that Concord=s invocation of the Aat-will@
doctrine is a pretext for the unlawful retaliation.  However, Chapter 21 of the Texas Labor Code
authorizes a cause of action for retaliation only when the employer retaliates
or discriminates on the basis of race, color, disability, religion, sex,
national origin, or age.  See Tex. Lab. Code Ann. ''
21.051, 21.055; see also Tex.
Lab. Code Ann. ' 21.001 (general purposes of
chapter).  Nothing in Chapter 21
authorizes Urdiales to assert a retaliation claim
under section 21.55 based on the conduct allegedCfiling a lawsuit against
Concord.  Additionally, Urdiales does not dispute that he was an at-will
employee.  In the absence of an
applicable statutory or judicially-created exception, an at-will employee may
be terminated for a good reason, a bad reason, or no reason.  See Currey v.
Lone Star Steel Co., 676 S.W.2d 205, 212B13 (Tex. App.CFort Worth 1984, no writ) (affirming summary
judgment dismissing wrongful termination claim of at-will employee fired after
filing lawsuit against employer).  We
overrule this issue.

E.      The
Severance of Concord=s Claims








Finally,
Urdiales contends the trial court erred in severing
his claims.  Rule 41 of the Texas Rules
of Civil Procedure provides in part that A[a]ny
claim against a party may be severed and proceeded with separately.@  This rule grants the trial court broad
discretion in the matter of severance and consolidation of causes.  Guar. Fed. Sav.
Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 658 (Tex. 1990).  For severance to be proper, (1) the
controversy must involve more than one cause of action, (2) the severed cause
must be one that would be the proper subject of a lawsuit if independently
asserted, and (3) the severed claim must not be so interwoven with the
remaining action that they involve the same facts and issues.  The controlling reasons for a severance are
to do justice, avoid prejudice, and further convenience.  Id. 

In
support of this issue, Urdiales merely states in a conclusory fashion that the claims should not have been
severed because they involve the same underlying factual allegations and
evidence.  This is not enough to
demonstrate an abuse of discretion.  The
trial court granted summary judgment on all of Urdiales=
claims against Concord; therefore, there was no reason for Concord to remain in
the suit.  Severance and final judgment
for Concord in this circumstance was appropriate.

We
affirm the trial court=s judgment.

 

 

 

 

/s/        Wanda
McKee Fowler

Justice

 

Judgment rendered and Opinion filed
September 30, 2003.

Panel consists of Chief Justice Brister and Justices Fowler and Edelman.

 











[1]  As additional
support, Urdiales points to (1) a statement by
Thompson that A[w]e had told Richard no [sic] to say anything to
anyone@ and (2) Concord's failure to present evidence that it
notified the Texas Workers= Compensation Commission or its insurance agent of Urdiales= injury in accordance with section 409.005 of the
Act.  However, we disagree that the
statement raises a fact issue on personal animosity outside of work, and Urdiales does not explain why section 409.005 is relevant
or even applies here.  See Tex. Lab. Code Ann. ' 409.005(a) (AAn
employer shall report to the employee's insurance carrier if: (1) an injury
results in the absence of an employee of that employer from work for more than
one day; or (2) an employee of the employer notifies that employer of an
occupational disease under Section 409.001.@).  





[2]  See Tex. Lab. Code Ann. ' 406.034 (an employee who desires to retain common-law
right of action against employer must notify employer within five days of
employment or within five days of receiving notice that employer has obtained
workers= compensation coverage; id. ' 408.001 (recovery of workers= compensation benefits is the exclusive remedy of an
employee covered by workers= compensation insurance coverage).





[3]  Urdiales has cited two respondeat
superior cases in support of this claim. See Houston Transit Co. v. Felder,
146 Tex. 428, 208 S.W.2d 880, 881 (1948); Dieter v. Baker Serv. Tools, 739 S.W.2d 405, 407 (Tex. App.CCorpus Christi 1987, writ denied).  But neither involves workers= compensation.  As
a result, they do not address the real issue; that is, even if respondeat superior law supports the employer=s liability, does an exception to the Workers= Compensation Act apply to allow recovery?  For this reason, we find them irrelevant to
our inquiry.  He also refers to Prescott v. CSPH, Inc.
878 S.W.2d 692 (Tex. App.CAmarillo 1994, writ denied), for the burden of
proof.  Prescott does involve a
workers= compensation claim and does not support Urdiales= position.  See
id. at 695 (an employer could not be liable under intentional tort
exception because there was no evidence that employer intended to injure
plaintiff by hiring employee).