In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-02-00107-CV
______________________________


JOSEPH VASQUEZ AND GUILDA VASQUEZ,
INDIVIDUALLY AND AS NEXT FRIEND OF
THEIR MINOR CHILD, KRAIG VASQUEZ, Appellants
 
V.
 
SIX FLAGS HOUSTON, INC., D/B/A WATERWORLD,
AND RAY HEDDEN, INDIVIDUALLY, Appellees


                                              

On Appeal from the 269th Judicial District Court
Harris County, Texas
Trial Court No. 2001-03171A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

I. INTRODUCTION
            Kraig Vasquez was injured during a test ride of the "Big Kahuna" while employed as a
lifeguard by Six Flags Houston, Inc., d/b/a Waterworld. During this test ride, seven or eight
employees rode in a tube which, as many of the tubes did, had missing or damaged handles. At some
point during the ride, another rider fell on top of Vasquez, causing Vasquez to suffer a broken neck. 
The other lifeguards sought assistance from Ray Hedden, who was a "lead guard," charged with
providing supervision, instruction, and necessary medical equipment for their duties. For an
undetermined reason, Hedden did not render aid to Vasquez. Instead, the other guards took Vasquez
to the first-aid facility without the use of a backboard or other medical equipment. At the first-aid
facility, the guards called an ambulance to transport Vasquez to a hospital.
            TIG Premier Insurance, Six Flags' insurance carrier, subsequently denied worker's
compensation benefits to Vasquez, concluding the injury was a product of Vasquez' engaging in
horseplay. Vasquez did not challenge this decision or present the matter to the Texas Workers'
Compensation Commission (hereafter the TWCC).
            Vasquez' parents, individually and as next friends for Vasquez, a minor, filed suit advancing
common-law claims against Six Flags and Hedden. Six Flags and Hedden filed for both a traditional
summary judgment and a no-evidence summary judgment. See Tex. R. Civ. P. 166a, 166a(i). The
trial court granted Six Flags' and Hedden's motion for summary judgment and dismissed them from
the suit, making no explicit findings as to the whether the Texas Workers' Compensation Act
(TWCA) provided compensation for Vasquez' injury. No record was made of the hearing. Vasquez
timely filed his notice of appeal. 
            This appeal challenges the summary judgment rendered in favor of Six Flags, barring
Vasquez' common-law claims of negligence and intentional acts. Traditionally, the exclusive
remedy provision of the TWCA has acted as a bar to all suits in negligence. However, recent Texas
Supreme Court decisions have indicated that the nature of the injury, that is, whether it is
compensable under the TWCA, may determine whether the employer enjoys the TWCA's protection
from a negligence suit. The Texas Supreme Court specifically did not decide whether the TWCA
bars a worker incurring a noncompensable injury from pursuing a negligence claim against the
employer. We hold that the summary judgment evidence establishes as a matter of law that Vasquez
was acting within the course and scope of his employment when the injury occurred. There is no
evidence to support the argument he was involved in horseplay. Consequently, the accident was
covered by the employer's workers' compensation policy, and it is the exclusive remedy for this
injury. 
II. STANDARD AND SCOPE OF REVIEW
            In a traditional motion for summary judgment, the movant has the burden of showing that
there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Nixon
v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). In deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken
as true. Id. at 548-49. Every reasonable inference must be indulged in favor of the nonmovant and
any doubts resolved in its favor. Id. at 549.
            A trial court properly grants a no-evidence motion for summary judgment if the movant
specifically sets forth elements of the nonmovant's claim for which there is no evidence and the
nonmovant fails to bring forth more than a mere scintilla of probative evidence to raise a genuine
issue of fact. Tex. R. Civ. P. 166a(i); Moore v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.‒San
Antonio 1998, pet. denied). "Less than a scintilla of evidence exists when the evidence is 'so weak
as to do no more than create a mere surmise of suspicion' of a fact." Lampasas v. Spring Ctr., Inc.,
988 S.W.2d 428, 432 (Tex. App.‒Houston [14th Dist.] 1999, no pet.). 
III. EXCLUSIVITY OF TWCA
            The TWCA provides the exclusive remedy for employees' injuries sustained in the course
of their employment.


 Tex. Lab. Code Ann. § 408.001(a) (Vernon 1996). Some injuries, although
sustained in the course and scope of employment, are not compensable. Id. Among these types of
noncompensable injuries is an injury sustained when "the employee's horseplay was a producing
cause of the injury." Tex. Lab. Code Ann. § 406.032(2) (Vernon 1996). 
            Based on the exclusive remedy rule of Section 408.001(a), the trial court's order granting
summary judgment barred Vasquez from bringing forth causes of action against Six Flags and
Hedden, individually. In his sole point of error, Vasquez contends the trial court erred in granting
Six Flags' motion for summary judgment on both issues of the intentional conduct claim and the
negligence claim.
IV. INTENTIONAL CONDUCT
            Causes of action for intentional injuries are guaranteed to employees by the Open Courts
Clause of the Texas Constitution and cannot be taken away by the Legislature. Tex. Const. art. I,
§ 13. In order to recover under this theory, Vasquez must show that Six Flags and Hedden
intentionally caused the injury to Vasquez. See Rodriguez v. Naylor Indus., Inc., 763 S.W.2d 411
(Tex. 1989). "Intent" means that the actor desired to cause consequences of his or her act or believed
that the consequences are substantially certain to result therefrom. Id. at 412. With regard to
intentional torts, the Texas Supreme Court has made clear that the distinguishing feature of an
intentional tort is "the specific intent to inflict injury." Reed Tool Co. v. Copelin, 689 S.W.2d 404,
406 (Tex. 1985). Intentional failure to provide a safe workplace does not rise to the level of
intentionally injuring except when the employer believes his or her conduct is substantially certain
to cause the injury. Id.
            Vasquez admitted that neither Six Flags nor Hedden required him to perform the safety check
on the water ride. In fact, Vasquez testified he was asked if he wanted to get on the ride. Further,
Vasquez admitted he rode in the tube despite having noticed that this particular tube did not have
the proper handles on it. He also acknowledged that more than the recommended number of riders
participated in this ride. 
            The facts in this case eliminate the proposition that Six Flags' or Hedden's intentional conduct
was the cause of Vasquez' injury. Additionally, after a reasonable time for discovery, Vasquez failed
to produce more than a scintilla of probative evidence that Six Flags or Hedden acted or failed to act
with the requisite specific intent to cause the injury to Vasquez. Therefore, on the intentional act
theory of recovery, judgment in favor of Six Flags and Hedden was proper as a matter of law.
V. NEGLIGENCE ACTION
             Vasquez suffered a neck injury while performing a test ride as an employee. Summary
judgment evidence established that Six Flags was a subscriber to the TWCA. Traditionally, in the
absence of evidence establishing intentional conduct by Six Flags, this evidence would have been
sufficient to prove as a matter of law that the TWCA's exclusive remedy provision bars Vasquez'
suit. However, recent decisions by the Texas Supreme Court have created uncertainties in the
application of this rule, especially on the facts before us in this case. 
A. Historical Background
            The workers' compensation system was designed to provide the employee with prompt
remuneration for loss of earning capacity and medical care without having the burden of showing
the employer's negligence. See Paradissis v. Royal Indem. Co., 507 S.W.2d 526, 529 (Tex. 1974). 
In return, the employer enjoys protection from suits seeking compensation for injuries caused by the
employer's negligence. See Reed Tool Co., 689 S.W.2d at 407.
            For years, Texas courts have relied on the exclusive remedy provision of the TWCA to bar
injured employees' negligence causes of action against their employers. See Middleton v. Tex. Power
& Light, 108 Tex. 96, 107, 185 S.W. 556, 559 (1916). The well-established rule was that, regardless
of the compensability of the work-related injury sustained, the employer could not be sued for
negligence. In fact, for decades, several cases have applied the rule barring negligence suits for
bodily injuries sustained in the course and scope of employment, even when the injury sustained may
not be compensable under the law:
Our Courts are fairly uniform in holding that in view of this provision, the remedy
given by the Workmen's Compensation Law is exclusive and that the employee has
no right of action against his employer on account of bodily injuries sustained in the
course or scope of the employment (except for injuries resulting from an intentional
or willful act of the employer), even though the injury complained of may not be
compensable under the Workmen's Compensation Law.

Lotspeich v. Chance Vought Aircraft, 369 S.W.2d 705, 708 (Tex. Civ. App.‒Dallas 1963, no writ).
B. Recent Developments: Bruce and Bomar
             Only recently have Texas cases suggested the possibility that an employee could sue an
employer for negligence for an injury sustained in the course and scope of employment, but
otherwise not compensable. See Walls Reg'l Hosp. v. Bomar, 9 S.W.3d 805, 806 (Tex. 1999); GTE
Southwest, Inc. v. Bruce, 998 S.W.2d 605, 609 (Tex. 1999).



            In Bruce, this Court held that the TWCA did not bar actions for intentional infliction of
emotional distress, concluding such intentional acts of a supervisor are imputable to the corporation. 
GTE Southwest, Inc. v. Bruce, 956 S.W.2d 636, 639 (Tex. App.‒Texarkana 1997), aff'd, 998 S.W.2d
at 620. The Texas Supreme Court affirmed our decision that the TWCA did not bar the action, but
employed a somewhat different rationale, holding that the employees' injuries were not compensable
under the Act. Bruce, 998 S.W.2d at 611. Since the distress was not caused by a specified event,
but rather by a product of a series of events over two and one-half years, the Texas Supreme Court
held that the TWCA did not provide compensation for the injury and, therefore, the TWCA did not
bar the employee's actions. Id. Rather than relying on the express exception in the TWCA that
allows an employee to sue an employer for intentional acts, the court instead relied on the
compensability issue. In essence, the Texas Supreme Court held that the mental and emotional
injuries were suffered over a series of events at different times and, therefore, did not qualify as an
"injury" as defined by the TWCA. Additionally, it is noteworthy that the conduct at issue in Bruce
was entirely intentional, even though the court did not rely on such a rationale.
            Soon after issuing the Bruce opinion, the Texas Supreme Court considered whether hospital
employees who had been sexually harassed by a staff physician could sue their employer for
negligently allowing the physician staff privileges. Bomar, 9 S.W.3d at 806. In Bomar, nurses
working at Walls Regional Hospital sued their employer, alleging the hospital failed to provide them
with a safe place to work and negligently hired and credentialed Dr. George Boyett, despite their
repeated complaints of his sexual harassment of them. Id. The hospital moved for summary
judgment, urging that the employees' action was barred by the TWCA. The trial court granted this
motion. Id.
            Employees successfully argued to the Tenth Court of Appeals that the hospital failed to
establish as a matter of law that the plaintiffs' injuries occurred in the course and scope of their
employment so as to fall under the TWCA's exclusive remedy provision. Bomar v. Walls Reg'l
Hosp., 983 S.W.2d 834, 842 (Tex. App.‒Waco 1998), rev'd, 9 S.W.3d at 808. The Waco Court of
Appeals concluded that fact issues remained concerning whether Boyett's harassment was
compensable or whether it fell under the personal animosity exception to TWCA coverage. Id. To
answer this, the evidence must establish whether Boyett harassed the nurses for personal reasons
unrelated to work. Id. at 839.
            The Texas Supreme Court, agreeing with the trial court's summary judgment, reversed the
court of appeals' decision and rendered judgment in favor of the hospital. Bomar, 9 S.W.3d at 808. 
The court noted that the TWCA provides the exclusive remedy for employees' injuries sustained in
the course and scope of their employment, at least if the injuries are compensable under the Act. 
Id. at 806 n.4 (citing Bruce, 998 S.W.2d at 620). The court pointed out that, under some
circumstances, injuries that occur in the course and scope of employment may still be
noncompensable. Id. at 806-07. Specifically, it addressed the personal animosity exception,
disallowing compensation under the TWCA if the injury "arose out of an act of a third person
intended to injure the employee because of a personal reason and not directed at the employee as an
employee or because of the employment." Tex. Lab. Code Ann. § 406.032(1)(C) (Vernon 1996);
see Bomar, 9 S.W.3d at 807. 
            The court in Bomar concluded the hospital established as a matter of law that the personal
animosity exception did not apply to the nurses' injuries. Bomar, 9 S.W.3d at 807. In fact, the
summary judgment record established the contrary: that the incidents of sexual harassment occurred
while the plaintiffs were performing their jobs and while Boyett was performing his. Id. The record
contained no evidence Boyett ever harassed the nurses outside the workplace. Id. Rather, the
harassment occurred only at the hospital. Id. That is, the conditions attached to the workplace acted
as factors in bringing about the "catastrophic combination" leading to the injury. Nasser v. Sec. Ins.
Co., 724 S.W.2d 17, 19 (Tex. 1987). The plaintiffs' affidavits describing the interaction with Boyett
as "having nothing to do with my work" and occurring for "reasons that were personal" to Boyett
were conclusory and insufficient to raise a fact issue, making summary judgment for the hospital
proper since it established as a matter of law that the nurses' injuries did not fall within the personal
animosity exception. Bomar, 9 S.W.3d at 807.
            The court concluded that the injuries occurred in the course and scope of employment, that
they did not fall within the personal animosity exception, and that they were compensable under the
TWCA. See id. at 807-08. The hospital, therefore, was protected from this negligence suit under
the TWCA's exclusive remedy rule. See id. at 808. The court very specifically stated it was not
passing on the issue of whether the TWCA may also bar claims for any noncompensable injuries. 
Id. at 806 n.4. 
C. Application and Implications
            The case at bar poses similar issues to this Court. The trial court's summary judgment
concluded that Six Flags established as a matter of law the defense of the TWCA as an exclusive
remedy and a bar to Vasquez' claims. This Court also must address the horseplay exception, an
exception covering different facts, but having the same effect as the personal animosity exception
at issue in Bomar. See Tex. Lab. Code Ann. § 406.032(2). A finding here that the horseplay
exception applied would render the injury a noncompensable one in the same way a finding that the
personal animosity exception applied would have in Bomar. 
            Here, the trial court did not make an explicit finding on the compensability of Vasquez'
injury. However, we find the summary judgment evidence establishes as a matter of law that the
horseplay exception is inapplicable. 
            The workers' compensation insurance carrier is relieved from paying benefits to an injured
employee if the injury is caused by the employee's horseplay. Tex. Lab. Code Ann. § 406.032
(Vernon 1996). Horseplay has also been considered as a deviation from the course and scope of
employment and, thus, not an injury covered by the Act. See United Gen. Ins. Exch. v. Brown, 628
S.W.2d 505, 509 (Tex. App.‒Amarillo 1982, no writ); Mejia v. Liberty Mut. Ins. Co., 544 S.W.2d
690, 691 (Tex. App.‒Houston [14th Dist.] 1976, no writ); Tex. Indem. Ins. Co. v. Dunlap, 68 S.W.2d
664, 666 (Tex. App.‒Beaumont 1934, writ ref'd). Several cases have held that, when an employee
turns aside from his or her employment and willingly engages in acts such as practical joking,
scuffling, or "fooling," the employee is engaged in horseplay. Mejia, 544 S.W.2d at 691 (practical
joking); Richardson v. Tex. Employers' Ins. Ass'n, 46 S.W.2d 439 (Tex. Civ. App.‒Beaumont 1932,
writ ref'd) (employee kicking another, precipitating a fight). 
            The summary judgment evidence from the deposition testimony of Vasquez and coworker
Jacob Spencer establishes that Vasquez was in the course and scope of employment when the injury
occurred. Vasquez testified he was working at the time of the injury for Six Flags Waterworld. The
purpose of the lifeguards' riding down the tube before the ride opened was for "basic safety
checking." That morning, Vasquez was asked by a lead guard, Aaron Asbrey, if he wanted to
conduct the safety test ride. Vasquez further testified the ride began normally, but when they took
a turn, the tube went higher than usual. He looked up and saw somebody coming toward him, and
he landed on Vasquez' head, at which time he lost consciousness. 
            Spencer, who also was riding in the tube when Vasquez was injured, testified that part of his
job was to inspect the tubes and make sure they were safe for people to ride. This involved riding
the tube and determining whether it was operating correctly. There is some testimony by each of
them that some of the straps on the ride were missing and that the number of occupants in the ride
exceeded recommended capacity. However, this evidence at most is some evidence of negligence
on the part of Vasquez, not that he had deviated from his duties and was engaged in horseplay. 
VI. CONCLUSION
            We find that Vasquez was performing his duties within the scope and course of his
employment at the time of the injury and that he was not engaged in horseplay. The workers'
compensation remedy is exclusive, and Vasquez is barred from pursuing a negligence claim against
his employer. Further, we find the evidence precludes a finding of intentional action by the employer
as a cause of the injury. 
            We affirm the judgment of the trial court.
 

                                                                        Jack Carter 
                                                                        Justice

Date Submitted:          August 28, 2003
Date Decided:             October 21, 2003