In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00180-CV


____________________



TERESA STEWART, SUSAN THOMPSON, PEGGY SCHULTE,


GLADYS VASQUEZ, HEATHER CARROLL, RACHAEL WOOD AND


MICHELLE WOODMAN, Appellants



V.



LEXICON GENETICS, INC., Appellee 


 




On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 06-10-10304-CV 






OPINION



 Teresa Stewart, Susan Thompson, Peggy Schulte, Gladys Vasquez, Heather Carroll,
Rachael Wood and Michelle Woodman appeal the summary judgment granted in favor of
Lexicon Genetics, Inc. (1) After being discharged from their positions as vivarium technicians
at the conclusion of an investigation into breach of showering protocols at an animal research
facility, the appellants sued the appellee for false imprisonment, assault and battery,
intentional infliction of emotional distress, and negligence in connection with the
investigation conducted by Lexicon's managers of corporate security and vivarium
operations. The appellants raise fifteen issues. We hold that Lexicon failed to meet its
summary judgment burden on the employees' claims for false imprisonment and assault, but
find no other error requiring reversal. Accordingly, we affirm the summary judgment granted
on the employees' claims for intentional infliction of emotional distress and negligence, but
reverse the summary judgment on the claims for false imprisonment and assault and remand
those claims to the trial court.

 Lexicon filed a traditional motion for summary judgment. See Tex. R. Civ. P. 166a©. 
In a traditional motion for summary judgment, the movant has the burden of showing that no
genuine issue of material fact exists and that it is entitled to judgment as a matter of law. 
Nixon v. Mr. Prop. Mgmt. Co., Inc., 690 S.W.2d 546, 548 (Tex. 1985). In deciding whether
a disputed material fact issue precludes summary judgment, evidence favorable to the non-movants will be taken as true, every reasonable inference must be indulged in favor of the
non-movants and any doubts must be resolved in their favor. Id. at 549. Lexicon raised three
grounds in its motion: (1) that the employees' claims for negligence, assault and battery, and
false imprisonment are barred by the exclusive remedy provision of the Texas Workers'
Compensation Act ("TWCA"); (2) that the employees' claims for negligence are barred by
the employment-at-will doctrine; and (3) that the employees' claims for intentional infliction
of emotional distress cannot be maintained because they have alleged other common law
claims that would provide for the same remedies if they were to prevail.

TWCA Exclusive Remedy


 "Recovery of workers' compensation benefits is the exclusive remedy of an employee
covered by workers' compensation insurance coverage . . . against the employer or an agent
or employee . . . for the death of or a work-related injury sustained by the employee." Tex.
Lab. Code Ann. § 408.001(a) (Vernon 2006). The appellants alleged that the managers'
actions were performed in the regular course of their work for Lexicon and that the alleged
wrongful conduct occurred while the appellants were at work. Although they sustained on-the-job injuries, the appellants contend the TWCA does not apply because of the nature of
the injuries they sustained.

 The TWCA provides for compensation only for injuries to the physical structure of
the body. See Tex. Lab. Code Ann. § 401.011(26) (Vernon Supp. 2008); Tex. Lab. Code
Ann. § 406.031(a) (Vernon 2006). The appellants allege they sustained mental trauma
injuries only, without any injuries to the physical structure of their bodies. Although they
allege they have suffered a substantial disruption to their daily routine, including "stomach 

problems" and "mild depression," the appellants argue the physical manifestations of their
mental anguish injuries fall outside the TWCA because their injuries are "completely mental
and emotional."

 To support their argument that mental anguish alone is not an "injury" for purposes
of the TWCA, the appellants rely on an insurance coverage case that held the term "bodily
injury" in an insurance policy did not include "purely emotional injuries." See Trinity
Universal Ins. Co. v. Cowan, 945 S.W.2d 819, 823 (Tex. 1997). We find the case to be
inapposite. In construing the language in the policy, the Cowan court noted that the TWCA
was not helpful because the TWCA is to be construed according to the definition supplied
by the statute. Id. The Supreme Court has "liberally construed" Section 401.011(26) of the
Texas Labor Code to include emotional distress that results in malfunctioning of the physical
structure of the body. GTE Sw., Inc. v. Bruce, 998 S.W.2d 605, 609 (Tex. 1999). The
appellants argue their claims do not fall within the TWCA because they "have specifically
not pled for physical pain and/or suffering damages as a result of their physical
manifestations of the mental anguish-type injuries." They cannot avoid the exclusive remedy
provision of the TWCA through artful pleading. In this case, the employees alleged work-related injuries so their claims are subject to the exclusive remedy provision.



Intentional Tort Exception


 The employees argue that their claims for false imprisonment, assault, intentional
infliction of emotional distress and negligence per se may all be asserted against their former
employer because the TWCA does not bar intentional torts. The TWCA provides the
exclusive remedy for workers accidentally injured in the course of their employment. Tex.
Lab. Code Ann. § 408.001(a). The Open Courts Clause of the Texas Constitution prohibits
a statutory exemption from common law liability for intentional injuries. Tex. Const. art.
I, § 13; Castleberry v. Goolsby Bldg. Corp., 617 S.W.2d 665, 666 (Tex. 1981); Reed Tool
Co. v. Copelin, 610 S.W.2d 736, 739 (Tex. 1980). To commit an intentional tort, the
employer must have the specific intent to inflict injury. See Reed Tool Co. v. Copelin, 689
S.W.2d 404, 406 (Tex. 1985). For example, an employer's intentional failure to provide a
safe workplace does not rise to the level of intentionally injuring its employees unless the
employer believes its conduct is substantially certain to cause the injury. Id. at 407.

 One of the claims asserted by the employees, however, is not an intentional tort. The
employees alleged that Lexicon was negligent: (1) in hiring, retaining, and training the
managers; (2) in failing to conduct a reasonable investigation into the alleged shower
breaches; and (3) in failing to have reasonable and appropriate safeguards over the security
standards in place. In their response to the motion for summary judgment, they state that they
are pursuing "negligence per se causes of action for Defendant's failure to follow specific
laws designed to protect employees and non-employees from private security departments." 
The employees argue that Texas recognizes a cause of action for negligence per se that is
distinct from the simple negligence cause of action that the Supreme Court declined to
recognize for negligent investigation of alleged misconduct by at-will employees. See Tex.
Farm Bureau Mut. Ins. Co. v. Sears, 84 S.W.3d 604, 610 (Tex. 2002).

 The exclusive remedy provision of the TWCA bars common law claims for
negligence. Walls Reg'l Hosp. v. Bomar, 9 S.W.3d 805, 806-07 (Tex. 1999). In Bomar, a
group of nurses argued for application of the "personal animosity" exception to their claims
of sexual harassment by a physician with staff privileges at the hospital. Id. The nurses
alleged the physician harassed them at work while the nurses and the physician were doing
their jobs. Id. at 807. Although the nurses filed affidavits that stated the physician's
assaultive conduct had nothing to do with the nurses' work, the Supreme Court decided their
characterizations of the physician's conduct and motives were conclusory and failed to raise
a fact issue. Id. Here, the employees did not allege that a purely personal dispute with the
managers had been transported to the workplace. Their negligence claims are barred by the
TWCA. See Tex. Lab. Code Ann. § 408.001(a).

 The employees argue Lexicon is liable for the intentional torts allegedly committed
by the two managers who conducted the investigation because the managers were acting in
furtherance of Lexicon's business. Generally, the act of an agent, performed within the
scope of his or her authority as the agent of the company and in furtherance of the company's
business, may be imputed to the company regardless of whether the particular act was
authorized and regardless of whether the agent performed the act in the ordinary way. 
Magnolia Petroleum Co. v. Guffey, 129 Tex. 293, 102 S.W.2d 408, 409 (1937). Lexicon
argues that to circumvent the exclusive remedy provision of the TWCA, however, the
employer itself or an alter ego must be shown to have committed the intentional conduct. See
Urdiales v. Concord Techs. Del., Inc., 120 S.W.3d 400, 405-07 (Tex. App.--Houston [14th
Dist.] 2003, pet. denied). In Urdiales, the court held that the intentional injury exception
must be narrowly construed. Id. at 406-07. "It would disturb the balance the Workers'
Compensation Act achieved if we allowed an employee, injured by the intentional tort of a
co-employee, to sue and recover from their employer simply because the tort was committed
(1) at work (2) by an employee of the company." Id. at 407.

 Urdiales relied on the analysis and authorities cited in an election-of-remedies case. 
Id. at 406 (citing Medina v. Herrera, 927 S.W.2d 597, 601 (Tex. 1996)). In Medina, an
employee was assaulted on the job by his supervisor. Medina, 927 S.W.2d at 599. The
employee obtained workers' compensation benefits, then sued the supervisor and the
employer. Id. The Supreme Court held that the claims against the employer were barred by
the election-of-remedies doctrine. Id. Noting that it was "far from clear" that "simply
because an employee assaults a co-employee in the course and scope of employment, the tort
is deemed to be 'the intentional tort of the employer' so as to exclude the injury from the
Act's coverage[,]" the Court suggested that the "mere fact that an employer may be liable for
conduct under a theory of respondeat superior . . . should not impute the conduct itself to the
employer so as to trigger the exception from workers' compensation coverage." Id. at 601.
The Supreme Court found the worker's common law claim to be inconsistent with his
workers' compensation claim but expressly declined to articulate "a rule for determining
when conduct of a corporate agent will be attributable to the corporation for purposes of
applying the exception." Id. at 601. The Supreme Court did not decide Medina on grounds
that the alleged tortious conduct had been committed by an agent who was not a vice-principal of the corporation, but an intermediate appellate court did decide Urdiales on those
grounds. Compare Medina, 927 S.W.2d at 601, with Urdiales, 120 S.W.3d at 406-07. We
also construe the exclusive-remedy provision of the TWCA to require an act of a vice-principal for the intentional tort exception to apply.

 A corporation's vice-principals include: (1) corporate officers; (2) those who have
authority to employ, direct, and discharge other employees; (3) those engaged in performing
the corporation's nondelegable or absolute duties; and (4) those responsible for the
management of the whole or a department or a division of the business employees. Mobil
Oil Corp. v. Ellender, 968 S.W.2d 917, 921-22 (Tex. 1998). (2) The alleged acts of false
imprisonment and assault were alleged to have been committed by Lexicon's manager of
corporate security or its manager of vivarium operations. The employees alleged the actions
were "performed by Defendant's vice-principals in the regular course of their work for
Defendant." Lexicon included in its summary judgment evidence the affidavit of its human
resources director. The affidavit states that neither of the managers involved in the
investigation owns or controls Lexicon. The record reveals no other information about their
positions with the company or the duties with which they are entrusted.

 Because this is a traditional motion for summary judgment, Lexicon is only entitled
to judgment if it establishes as a matter of law that the alleged torts were committed by co-employees and not by the corporation through its vice-principals. See Tex. R. Civ. P.
166a(c). The summary judgment record does not establish as a matter of law that the
managers are not vice-principals of the corporation. (3) Because Lexicon failed to establish its
right to judgment as a matter of law, the trial court erred in granting the summary judgment
on the grounds that the employees' claims for assault and false imprisonment are barred by
the exclusive remedy provision of the TWCA.

 Lexicon also moved for summary judgment on the ground that the employees' claims
for intentional infliction of emotional distress are barred because the employees asserted
other common law remedies based on the same facts and circumstances as their claims for
intentional infliction of emotional distress. The employees contend they may assert claims
for intentional infliction of emotional distress "to 'fill the gap' of time of when Appellants
were not being interrogated and prior to when Appellants were terminated." On appeal, the
appellants argue "Appellants asserted that they were subjected to harsh treatment at times and
places outside the interrogations, which would not fall under the times and places associated
with their false imprisonment and assault/battery claims." The employees' pleadings
regarding intentional infliction of emotional distress state in their entirety, as follows:

 In addition and in the alternative, Defendant's foregoing conduct related
to the detentions of Plaintiffs and assault and/or battery on them gives rise to
claims for intentional infliction of emotional distress. For further example,
[the manager of corporate security] told one or more of the plaintiffs and other
interrogation subjects that he knew "how to make them disappear." This threat
was passed along to other employees and served to exemplify [his] modus
operandi of unjustifiable intimidation toward Defendant's female employees
in Barrier 2. Such threats and intimidation tactics have no place in a civilized
society.

 

 Defendant also purposefully subjected Plaintiffs to a hostile and
intimidating work environment for approximately ten (10) days, whether this
amounts to separate claims, a continuation of the aforementioned claims, or
merely tends to show some of the nature, extent and duration of Plaintiffs'
mental anguish. Rachael's time extended beyond the five other plaintiffs
because she was terminated approximately ten days to two weeks later.


 In addition, by way of further example, Michelle and Gladys apparently
made statements to [the managers] during their interrogations, as did another
employee, [not a party to this suit] (though the copies of tape recordings
provided in discovery are, at this point, legally inaudible). Michelle and
Gladys did not make such statements voluntarily or knowingly, in that they
were forced to make such statements under duress and without knowledge or
understanding of what it means to provide a statement with actual "personal
knowledge." It is also now Plaintiffs' understanding that [the non-party
employee] also gave her statement under duress or involuntarily and without
a full understanding of what it means to provide someone with a statement
based on her "personal knowledge."


 Being a seasoned former police officer, [the manager of corporate
security] obviously knew what he was doing when he attempted to procure,
and actually procured, statements from accused individuals and knew how to
ensure that statements were made based on actual "personal knowledge."
Instead, [the manager of corporate security] did not probe into Michelle's,
Gladys' or [the non-party employee's] background knowledge to ensure that
their statements were being made with sufficient "personal knowledge" to
ensure their accuracy and reliability. His statement-procuring tactics are just
one more piece of evidence of how Plaintiffs were intimidated, leading not
only to their false imprisonment, assault and negligence claims, but also to this
intentional infliction of emotional distress claim. Defendant's actions were
intentional and/or reckless, its conduct was extreme and outrageous, and its
actions caused Plaintiffs severe emotional distress.


 Intentional infliction of emotional distress is a "gap-filler" tort, created to permit
recovery in "those rare instances in which a defendant intentionally inflicts severe emotional
distress in a manner so unusual that the victim has no other recognized theory of redress." 
Hoffmann-La Roche, Inc. v. Zeltwanger, 144 S.W.3d 438, 447 (Tex. 2004). "Where the
gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional
distress should not be available." Id. For instance, the offensive behavior in Creditwatch,
Inc. v. Jackson, all stemmed from the chief executive officer's lewd advances. Creditwatch,
Inc. v. Jackson, 157 S.W.3d 814, 816 (Tex. 2005). Even post-termination attempts to have
the employee evicted by a co-worker stemmed from the alleged sexual harassment claim and
could not form the basis for an emotional distress claim. Id. at 817-18.

 In this case, all of the claims asserted by the employees arise from the investigation
conducted by Lexicon's managers. The particular conduct described in the employees'
pleadings on intentional infliction of emotion distress includes: (1) intimidating interrogation
subjects; (2) subjecting the employees to a hostile work environment during the investigation;
and (3) obtaining statements not based on actual personal knowledge. None of the alleged
extreme and outrageous conduct is independent of the conduct that forms the basis of the
other torts asserted in the petition. Because there are no unrelated facts to support an
independent claim for intentional infliction of emotional distress, the trial court did not err
in granting summary judgment on the employees' claims for intentional infliction of
emotional distress. See Hoffmann-La Roche, 144 S.W.3d at 447-48.

Discovery


 The employees raise several discovery complaints. First, they contend the trial court
abused its discretion in denying their motion to compel discovery on: (1) Lexicon's security
protocols; (2) Lexicon's unwritten policies for interviewing employees about a breach of
company procedures; and (3) Lexicon's evaluations of the employees, "whether previously
disclosed to them or not." The trial court sustained Lexicon's objections to the employees'
first requests for production that are mentioned in the employees' brief on appeal. The
employees contend the requested discovery is relevant to their claims of false imprisonment
because the documents concern whether Lexicon was investigating reasonably credible
allegations of dishonesty. See Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640,
644 (Tex. 1995) ("Employers act within their legal rights in investigating reasonably credible
allegations of dishonesty of their employees."). We note, however, that the employees
obtained discovery on surveillance of the showers, documents relating to alarms going off
in the shower areas, all documents relating to or referring to the investigation conducted by
the managers, all documents relating to why the managers commenced their investigation,
all correspondence to Lexicon employees regarding who had been compromising the barrier,
all documents concerning the managers' conclusions from the investigation, and all policies
and procedures existing at the facility while the plaintiffs were employed there. We review
a trial court's ruling on a motion to compel discovery under an abuse-of-discretion standard. 
Austin v. Countrywide Homes Loans, 261 S.W.3d 68, 75 (Tex. App.--Houston [1st Dist.]
2008, pet. denied). The appellants have not shown an abuse of discretion by the trial court
in denying their motion to compel production of documents.

 Next, the employees complain that Lexicon failed to properly answer Wood's first set
of interrogatories. The trial court denied the relief requested in their second motion to
compel. The employees argue that Lexicon failed to support their claims of privilege with
evidence. Lexicon objected that each of these interrogatories was either overly broad, not
calculated to lead to the discovery of relevant evidence, or exceeded the scope of discovery. 
On appeal, the employees do not present argument and authorities showing the permissible
scope of discovery or explain how Wood's interrogatories were tailored to the issues in the
suit. They also fail to supply argument and authority for finding an abuse of discretion by
the trial court. The issue is inadequately briefed. See Tex. R. App. P. 38.1(h). The
appellants have not shown an abuse of discretion by the trial court in denying their motion
to compel responses to Wood's first set of interrogatories.

 Next, the employees contend the trial court erred in denying their motion to compel
responses to their second requests for production, which included 138 separate requests. 
They complain that Lexicon did not comply with Texas Rule of Civil Procedure 193.2(a)
("The party must state specifically the legal or factual basis for the objection and the extent
to which the party is refusing to comply with the request."). As to each of the requests,
Lexicon either filed objections or referred the plaintiffs to previous discovery responses. In
response to the motion to compel, Lexicon noted that many of the requests sought documents
that had been produced in response to earlier requests for production. After reviewing the
requests for production, the objections to those requests, and the response to the objections,
we hold the trial court did not abuse its discretion when it denied the motion to compel. See
Tex. R. Civ. P. 192.4; Tex. R. Civ. P. 193.4(b). Furthermore, the appellants have not shown
how the trial court's ruling on their motion to compel prevented them from preparing an
adequate response to the motion for summary judgment.

 Next, the employees argue the trial court erred in denying their motion to compel
responses to their first set of requests for admissions. The 88 requests for admission
concerned Lexicon's insurance coverage. Lexicon filed a response to the requests. On
appeal, the employees provide no argument or authority in support of their claim that the trial
court abused its discretion in denying their motion to compel. The issue is inadequately
briefed. See Tex. R. App. P. 38.1(h). The appellants have not shown an abuse of discretion
by the trial court in denying their motion to compel addition responses to their requests for
admissions.

 Finally, the appellants contend the trial court erred in denying their second motion to
compel production of documents. The employees attached 33 requests for production to its
notice of deposition of a non-party employee of Lexicon. Lexicon filed objections and
responses. According to Lexicon, many of the requests concerned documents that were not
in the deponent's possession or which had previously been produced in response to earlier
discovery requests. On appeal, the appellants argue that the documents relate to whether
Lexicon was investigating reasonably credible allegations of dishonesty and admit that the
discovery of the information had previously been ordered from Lexicon in response to the
employees' first motion to compel. The appellants have not shown an abuse of discretion
by the trial court in denying their motion to compel production of documents from the non-party. See Austin v. Countrywide Homes Loans, 261 S.W.3d at 75.

 We affirm the summary judgment granted on the employees' claims for intentional
infliction of emotional distress and negligence, but reverse the summary judgment on the
claims for false imprisonment and assault and remand those claims to the trial court.

 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.





 ______________________________

 STEVE McKEITHEN

 Chief Justice



Submitted on December 8, 2008

Opinion Delivered February 12, 2009


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Where it is not necessary to identify them individually in this Opinion, we refer to
appellants Stewart, Thompson, Schulte, Vasquez, Carroll, Wood and Woodman by their
former status as employees of Lexicon.
2. Ellender addressed the vice-principal issue in the context of imposing liability for
exemplary damages for gross negligence. Mobil Oil Corp. v. Ellender, 968 S.W.2d 917, 921-22 (Tex. 1998). Lexicon does not present any argument for applying a different test for
determining whether a person is a vice-principal for purposes of imposing liability for the
commission of intentional torts.
3. Lexicon neither moved for summary judgment on the grounds that the managers
were not vice-principals as a matter of law, nor challenged the employees' evidence of the
vice-principal status of the managers in a no-evidence motion for summary judgment. See
Tex. R. Civ. P. 166a(i). Lexicon did not move for summary judgment on the ground that as
a matter of law the alleged conduct was not false imprisonment and did not pursue a no-evidence motion for summary judgment on the elements of false imprisonment and assault. 
A summary judgment may be affirmed only on grounds expressly presented in the motion
for summary judgment. McConnell v. Southside I.S.D., 858 S.W.2d 337, 340 (Tex. 1993).