Kym BOMAR, et al., Appellants,

v.

WALLS REGIONAL HOSPITAL, A
Texas Corporation, Appellee.

No. 10–97–335–CV.

Court of Appeals of Texas,
Waco.

May 13, 1998.

Jim Claunch, The Claunch Law Firm, Cleburne, for appellant.

Gary L. Ingram, Kent R. Smith, Jackson Walker, L.L.P., Fort Worth, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

### ORDER

PER CURIAM.

We dismissed this appeal for want of jurisdiction on April 1, 1998. Appellants were appealing a summary judgment granted in favor of Walls Regional Hospital, one of three defendants. However, the trial court had not severed their claims against the hospital from their claims against two remaining defendants. Thus, we lacked jurisdiction because the appeal was interlocutory. *See Hood v. Amarillo Nat'l Bank*, 815 S.W.2d 545, 547 (Tex.1991).

Appellants filed a motion to reinstate their appeal on April 28, twenty-seven days after the dismissal order. They have obtained an order from the trial court dated April 24 which severs their claims against the hospital from the remainder of their claims.

■ A motion to reinstate is in effect a motion for rehearing. *Humble Exploration Co. v. Browning*, 690 S.W.2d 321, 325 (Tex. App.—Dallas 1985, writ ref'd n.r.e.); Clarence A. Guittard, *Preliminary Motions in the Appellate Court, in* STATE BAR OF TEX., APPELLATE PROCEDURE IN TEX. § 8.10 (2d ed.1979). The appellate rules require that a motion for rehearing be filed within fifteen days of this Court's order. TEX.R.APP. P. 49.1. We may extend the time for filing such a motion if an extension is requested within fifteen days after the date the motion for rehearing is due. *Id.* 49.8. While we retain plenary jurisdiction, we may reconsider a

previous decision with or without a motion for rehearing. *Id.* 49.7.

"The new rules for the first time specifically define the plenary power courts of appeals retain after a judgment and opinion has been handed down." John Hill Cayce, Jr., et al., *Civil Appeals in Texas: Practicing Under the New Rules of Appellate Procedure,* 49 BAYLOR L.REV. 867, 979 (1997). Under the new appellate rules, a court of appeals retains plenary jurisdiction over a case for a period of sixty days after the appellate judgment "if no timely filed motion to extend time or motion for rehearing is then pending." TEX.R.APP. P. 19.1(a).

In *Humble Exploration,* the Dallas court made the following statement regarding the appropriate exercise of an appellate court's plenary power:

> It is the opinion of this court that when called upon to exercise plenary jurisdiction that extreme care and caution and very careful discretion should be exercised.

*Humble Exploration Co.,* 690 S.W.2d at 327.

The Dallas court decided not to exercise its plenary authority in that case. The court quoted extensively from an 1860 opinion by Justice Roberts of the Texas Supreme Court which explains in eloquent language why abstract principles of justice must give way to concrete rules of law. As Justice Roberts stated,

> "To follow the dictates of justice, when in harmony with the law, must be a pleasure; but to follow the rules of law, in their true spirit, to whatever consequences they may lead, is a duty."

*Duncan v. Magette,* 25 Tex. 245, 253 (1860).

 We concur with these principles and with the notion that an appellate court should exercise sound discretion when invoking its plenary power. However, we observe that the "rules of law" have changed significantly since the decision in *Humble Exploration.* The current appellate rules specifically define the bounds of our plenary authority. They also specifically authorize us to reconsider previous decisions over which we retain plenary jurisdiction whether requested or not.

Rules 44.3 and 44.4 of the appellate rules are instructive. Rule 44.3 provides that we "must not ... dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities." TEX.R.APP. P. 44.3; *see also Grand Prairie Indep. School Dist. v. Southern Parts Imports, Inc.,* 813 S.W.2d 499, 500 (Tex.1991) *(per curiam* ); *C.F. v. State,* 897 S.W.2d 464, 467–68 (Tex.App.—El Paso 1995, no writ). Rule 44.4(a) prohibits us from dismissing an appeal if:

> (1) the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and
>
> (2) the trial court can correct its action or failure to act.

TEX.R.APP. P. 44.4(a); *see also Pierce v. Benefit Trust Life Ins. Co.,* 784 S.W.2d 516, 517 (Tex.App.—Amarillo 1990, writ denied).

Because Appellants' motion to reinstate is untimely, we deny the motion. However, we cannot ignore the fact that the trial court has now acted in a manner which permits presentation of Appellants' case on the merits. *See* TEX.R.APP. P. 44.4(a). Accordingly, we exercise our plenary authority and reinstate this matter on the docket of the Court. *Id.* 49.7. Appellants had already filed their brief on the merits at the time we issued the dismissal order. Thus, Appellee's brief is due thirty days after the date of this Order. *Id.* 38.6(b).