Hurshell **MIDKIFF**, Appellant,

v.

**HANCOCK EAST TEXAS SANITA-TION, INC. and Dolgencorp of Texas, Appellees.**

No. 09–97–351 CV.

Court of Appeals of Texas, Beaumont.

Submitted April 15, 1999.

Decided July 29, 1999.

James Ronald Tucker, Ronald C. Muller, Tucker & Muller, Houston, for appellant.

Blair A. Bisbey, Seale, Stover, Coffield & Bisbey, Jasper, Victor L. Harris, Charles W. Seymore, Seymore & Harris, PLLC, Sugar Land, for appellees.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from summary judgment. The state of the record before us requires that we examine the finality of the instrument entitled, "Final Summary Judgment," in light of the holding in *Mafrige v. Ross*, 866 S.W.2d 590 (Tex.1993), and its progeny. Hurshell Midkiff sued two separate defendants. Hancock East Texas Sanitation, Inc. was Midkiff's employer at the time of the injury. Dolgencorp of Texas was the purported lessee of the premises upon which Midkiff was injured. During the course of the litigation, both defendants filed separate motions for summary judgment. The only instrument purporting to be a judgment in the record before us exhibiting the signature of the trial court judge contains the following pertinent language:

> On the 24th day of July, 1997, the Court heard the motion for summary judgment filed herein by Defendant Hancock's East Texas Sanitation, Inc. All parties appeared by and through their respective counsel. The Court, after examining the pleadings and summary judgment evidence, and hearing the arguments of counsel, determines that Defendant Hancock's East Texas Sanitation, Inc. is entitled to summary judgment as follows:
>
> IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that Plaintiff Hurshell Midkiff TAKE NOTHING against Defendant Hancock's East Texas Sanitation, Inc., and that Defendant Hancock's East Texas Sanitation, Inc. recover all costs incurred in this action from Plaintiff.
>
> All relief requested and not expressly granted is DENIED.

In *Mafrige*, the Supreme Court held that the inclusion of "Mother Hubbard" language or its equivalent in an order granting summary judgment makes an otherwise partial summary judgment final for appeal purposes. *Id.* at 590. A Mother Hubbard clause generally recites that all relief not expressly granted is denied. *Id.* at n. 1. The Court held that the equivalent of a Mother Hubbard clause is a statement that the summary judgment is granted as to all claims asserted by plaintiff, or a statement that plaintiff takes nothing against defendant. *Id.* The *Mafrige* Court elaborated as follows:

> If a summary judgment order appears to be final, as evidenced by the inclusion of language purporting to dispose of all claims or parties, the judgment should be treated as final for purposes of appeal.... We think this rule to be practical in application and effect; litigants should be able to recognize a judgment which on its face purports to be final, and courts should be able to treat such a judgment as final for purposes of appeal.

*Id.* at 592.

■ We read the above-cited portion from *Mafrige* as indicating that mere inclusion of a Mother Hubbard clause does not automatically render all orders final for appellate purposes.[1] In *Vanderwiele v.*

---

1. As recently noted in THE APPELLATE ADVOCATE, the *Mafrige* decision has engendered considerable comment:

   [This] author has been complaining about *Mafrige* ever since it was decided. Hopefully, complaining from a more distinguished source [i.e., *Lehmann v. Har–Con Corp.*, 988 S.W.2d 415 (Tex.App.—Houston [14th Dist.] 1999, no pet. h.)] will get the attention of the Supreme Court. However, the courts of appeals may be reading *Mafrige* too broadly. The "Mother Hubbard" clause is a device that we have borrowed from oil & gas law. It was originally designed to include small pockets of land missed by surveyors within a lease. Such clauses have never been construed to embrace entire independent tracts of land. Similarly, *Mafrige* itself involved numerous defendants and a multitude of theories of recovery. All defendants sought summary judgment, but a few defendants omitted some of the interrelated theories of recovery from their motions. Under these circumstances, the Mother Hubbard clause was, perhaps, appropriate. Although the language of *Mafrige* seems to so require, the case should not be extended to construe a

*Llano Trucks, Inc.,* 885 S.W.2d 843, 844–45 (Tex.App.—Austin 1994, no writ), the Court held that a summary judgment order granted explicitly in favor of one defendant and including a standard Mother Hubbard clause did not purport to dispose of the claims against the other defendant and was therefore interlocutory. The summary judgment order must be taken as a whole and what it purports to do is critical to the inquiry. *Hervey v. Flores,* 975 S.W.2d 21, 25 (Tex.App.—El Paso 1998, writ denied). The intent contained in the order, as manifested in its language, must embrace all claims and *all parties. Id.* If an otherwise outstanding claim logically cannot be brought within the grasp of the Mother Hubbard clause, the order is interlocutory. *Id.*

In the instant case, the summary judgment order speaks explicitly as to defendant Hancock East Texas Sanitation, Inc.'s motion for summary judgment only. There is no mention of Dolgencorp of Texas's motion either explicitly or by implication. The order, taken as a whole, logically implicates the merits of Midkiff's claims only as applicable to Hancock East Texas Sanitation, Inc. Considering the discussion in *Mafrige* on this issue to its fullest extent, we could either dismiss this appeal for lack of jurisdiction, or find the summary judgment before us favorable only to Hancock East Texas Sanitation, Inc. with the generic Mother Hubbard clause denying relief not only to Midkiff, but also to Dolgencorp of Texas. Based upon the newly amended rules of appellate procedure, however, we opt for a third path.

■ TEX. R. APP. P. 44.3 provides that a court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities. TEX. R. APP. P. 44.4(b)

summary judgment as dismissing the entire case against a defendant who has not even sought summary judgment.

provides that if a trial court's acts or omissions are remedial, the court of appeals must direct the trial court to make said corrections; the court of appeals then may proceed as if the erroneous or improper acts or omissions had not occurred. *See also Bomar v. Walls Regional Hospital,* 971 S.W.2d 670, 671 (Tex.App.—Waco 1998, no writ). In this case, we abate the appeal and remand the entire cause to the trial court with directions to either, (1) enter an order severing the claims disposed of in the summary judgment order from those apparently still pending between Midkiff and Dolgencorp of Texas, or (2) enter some sort of order or judgment disposing of all of Midkiff's claims as to Dolgencorp of Texas. The trial court has thirty (30) days from the date of this opinion to carry out this task. If we receive nothing from the trial court within this thirty day abatement period, we will then dismiss the appeal for lack of jurisdiction.

APPEAL ABATED.

Clinard J. "Buddy" Hanby, *Texas Civil Appellate Update,* XII THE APPELLATE ADVOCATE 3 (Tex. St. B. Appellate Sec. Rep.), June 1999, at 32–33.