**Kathy L. KACAL, Appellant,**

v.

**Rebecca A. COHEN, et al, Appellees.**

**No. 10–99–143–CV.**

Court of Appeals of Texas,
Waco.

April 5, 2000.

John Alan Goren, Attorney at Law, Dallas, for appellant.

David M. O'Dens, Settle & Pous, P.C., Dallas, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## ORDER

PER CURIAM.

Kathy L. Kacal filed suit against Appellees for defamation, discriminatory employment practices, and related causes of action. The court granted Appellees' motion for summary judgment and rendered a take nothing judgment against Kacal.

We originally dismissed Kacal's appeal for want of prosecution on October 13, 1999 because she failed to timely file an appellant's brief. TEX.R.APP. P. 38.8(a)(1). On November 1, Kacal filed a motion for reinstatement of her appeal, which we treated as a motion for rehearing. *See Bomar v. Walls Regional Hosp.*, 971 S.W.2d 670, 670 (Tex.App.—Waco, order), *disp. on merits*, 983 S.W.2d 834 (Tex. App.—Waco 1998), *rev'd on merits*, 9 S.W.3d 805 (Tex.1999) (per curiam); *Humble Exploration Co. v. Browning*, 690 S.W.2d 321, 325 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). We denied Kacal's motion for rehearing on November 17.

Kacal filed a "Second Motion for Rehearing/Reinstatement" on December 6. We granted this motion on December 22, withdrew our October 13 opinion and judgment, and directed Appellees to file a brief within thirty days.[1] Appellees contend in their brief that our plenary power expired before we reinstated Kacal's appeal. We notified Kacal of this apparent defect by letter dated March 2, 2000 and informed her that we may dismiss the appeal if she did not file a response within ten days "showing grounds for continuing the appeal." *See* TEX.R.APP. P. 42.3(a), 44.3.

Kacal presents two primary arguments in response. First, she suggests that under the common law our plenary jurisdiction continued until the end of the 1999 term. *See Western Nat'l Bank v. Rives*, 927 S.W.2d 681, 682 n. 1 (Tex.App.—Amarillo 1996, writ denied); *Stroud v. VBFSB Holding Corp.*, 917 S.W.2d 75, 78 (Tex. App.—San Antonio 1996, writ denied). Next, although Kacal recognizes that Rule 19.1 now establishes the bounds of our plenary jurisdiction, she contends that we were authorized to employ Rule 2 to suspend the operation of Rule 19.1. *See* TEX. R.APP. P. 2.

■ As Kacal acknowledges, we have previously observed that Rule 19.1 "for the first time specifically define[s] the plenary power courts of appeals retain after a judgment and opinion has been handed down." *Bomar*, 971 S.W.2d at 671 (quoting John Hill Cayce, Jr., et al., *Civil Appeals in Texas: Practicing Under the New Rules of Appellate Procedure*, 49 BAYLOR L.REV. 867, 879 (1997)). Rule 2 permits this Court to suspend the operation of an appellate rule "to expedite a decision or for other good cause." TEX.R.APP. P. 2.[2] Although decisions of the Court of Criminal Appeals are not generally binding in civil appeals, the Court has stated the following concerning the predecessor to Rule 2:

> we think it is clear that using Rule 2(b) to "suspend" or enlarge appellate time limits which regulate the orderly and timely process of moving a case from

---

**1.** We received Kacal's brief after the October 13 dismissal.

**2.** Like Rule 19.1, Rule 2 is a new rule for civil appeals. The former appellate rule permitting suspension of the appellate rules applied only in criminal cases. *See* TEX.R.APP. P. 2(b), 49 Tex. B.J. 559 (Tex.Crim.App.1986, amended 1997).

trial to finality of conviction is overstepping the contemplated uses of Rule 2(b). *Oldham v. State*, 977 S.W.2d 354, 359 (Tex. Crim.App.1998) (op. on reh'g). We believe this should apply equally to civil appeals.

According to Rule of Appellate Procedure 19.1, our plenary power expires:

- 60 days after judgment if no timely filed motion for extension or motion for rehearing is then pending; or
- 30 days after we have overruled all timely filed motions for extension or for rehearing.

*Id.* 19.1. After the expiration of our plenary power, we "cannot vacate or modify [our] judgment." *Id.* 19.3. Thus, Rule 19 is one of those "appellate time limits which regulate the orderly and timely process of moving a case from trial to finality." *Oldham*, 977 S.W.2d at 359. For this reason, using Rule 2 to suspend the operation of Rule 19 would be inappropriate. *Id.*

Our original judgment of dismissal issued on October 13. Sixty days thereafter on December 13, Kacal's second motion for rehearing was then pending.[3] *Id.* 19.1(a). However, the appellate rules did not permit Kacal to file a second motion because we did not modify the October 13 judgment or issue an opinion in overruling her first motion for rehearing. *Id.* 49.5; *see also Mapco, Inc. v. Forrest,*

795 S.W.2d 700, 702 (Tex.1990) (orig.proceeding). Thus, no timely filed motion for rehearing was pending on December 13. Consequently, we must look to Rule 19.1(b) to determine when our plenary power expired.

Rule 19.1(b) provides that our plenary power expires thirty days after we have overruled all timely filed motions for rehearing. *Id.* 19.1(b). We overruled Kacal's first and only timely filed motion for rehearing on November 17. Thus, our plenary power expired thirty days later on December 17. *Id.* Accordingly, we granted Kacal's second motion for rehearing and reinstated her appeal five days after our plenary power expired.

Our plenary power over our October 13 judgment in this cause expired on December 17. Thus, we had no authority to thereafter set that judgment aside. *Id.* 19.3. Accordingly, we withdraw our order dated December 22, 1999 and reinstate the opinion and judgment of dismissal dated October 13, 1999. *See Humble Exploration Co.*, 690 S.W.2d at 328–29.

---

**3.** The sixtieth day actually fell on December 12, a Sunday. Thus, the period extended to the end of the following day. *See* Tex.R.App. P. 4.1(a).