Sue WALSTON, Appellant,

v.

David L. LOCKHART, Rebecca G. Lockhart and Larry Walston, Appellees.

No. 10–00–362–CV.

Court of Appeals of Texas, Waco.

Jan. 31, 2001.

Sue Walston, Waco, pro se.

Randall L. Telford, R. Dwayne Danner, Irving, for David L. Lockhart & Rebecca G. Lockhart.

Vance Dunnam, Dunnam & Dunnam, L.L.P., Waco, for Larry Walston.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## ABATEMENT ORDER

PER CURIAM.

Sue Walston (Sue) filed a suit against Larry Walston (Larry), her former husband, and David and Rebecca Lockhart (the Lockharts), who had purchased real property from a receiver appointed by the district court in a divorce suit, challenging the Lockharts' title to the property. The Lockharts and Larry filed separate written answers. Sue and the Lockharts filed competing motions for summary judgment. Larry did nothing. After the court granted the Lockharts' motion, Sue appealed.

The judgment Sue appeals from, entitled **"ORDER GRANTING DEFENDANTS DAVID L. LOCKHART'S AND REBECCA LOCKHART'S MOTION FOR SUMMARY JUDGMENT,"** states in its entirety:

On this day came before this Court Defendants David L. Lockhart's and Rebecca Lockhart's (collectively "Defendant Lockhart") motion for summary judgment and the Court having considered the motion, the response thereto filed by the Plaintiff, Sue Wal[s]ton, the pleadings on file with the Court and the argument of counsel and Plaintiff, is of the opinion and finds that such motion should be in all things granted.

**IT IS, THEREFORE, ORDERED** that Defendant Lockhart's motion should be and is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that all relief not expressly granted herein is **DENIED.**

It was signed on July 28, 2000. Sue filed a motion for new trial on August 25 and a notice of appeal on October 25. There is no order severing Sue's claims against Larry from her claims against the Lockharts.

Other than the inclusion of the "Mother Hubbard" clause,[1] there is nothing in the record to suggest that the order

---

1. A Mother Hubbard clause generally recites that all relief not expressly granted is denied.

*Mafrige v. Ross,* 866 S.W.2d 590, 590 n. 1 (Tex.1993).

was anything other than a partial summary judgment. The order itself recites only a grant of the Lockharts' motion. We can find no basis upon which the court might have disposed of Sue's claims against Larry. Thus, the order Sue has appealed from does not dispose of all parties and issues in the case.

The Supreme Court has admonished the bench and bar that "a Mother Hubbard has 'no place' in a partial summary judgment and should not be used." *Mafrige v. Ross*, 866 S.W.2d 590, 592 (Tex.1993) (citing *Teer v. Duddlesten*, 664 S.W.2d 702, 704 (Tex.1984)). Yet, they continue to appear in spite of that admonition.

Rule 44.4(a) prohibits a court of appeals from affirming or reversing a judgment or dismissing an appeal if the trial court's erroneous action or inaction prevents the proper presentation of a case to the court of appeals and the trial court can correct its action or failure to act. TEX.R.APP. P. 44.4(a). We invoked that rule in *American Home Products Corp. v. Clark*, 3 S.W.3d 57, 58 (Tex.App.—Waco 1999), *aff'd*, 38 S.W.3d 92 (2000), where we abated the appeal to allow the trial court to clarify its order concerning venue/joinder claims. *See id.* American Home Products complained to the Supreme Court, claiming that the abatement order violated Rule 29.5 of the Rules of Appellate Procedure, which prohibits a trial court from making certain orders during an interlocutory appeal. TEX.R.APP. P. 29.5. The Supreme Court rejected that claim and observed that we were authorized by Rule 44.4 to require the trial court to enter a clarifying order to allow proper presentation of the appeal. *American Home Products Corp. v. Clark*, 38 S.W.3d 92 (2000).

**2.** We also note that the Texas Supreme Court has granted a petition for review in a case in which the court of appeals extensively criticized the *Mafrige* rule. *Lehmann v. Har-Con Corp.*, 988 S.W.2d 415, 417–18 (Tex.App.—Houston [14th Dist.] 1999, pet. granted).

We are persuaded that the course of action taken in *Midkiff v. Hancock East Texas Sanitation, Inc.* is the proper way to proceed in this appeal. *Midkiff v. Hancock East Texas Sanitation, Inc.,* 996 S.W.2d 414 (Tex.App.—Beaumont 1999, no pet.). Faced with a similar situation, the Beaumont Court recognized that *Mafrige v. Ross* does not "automatically render all orders [containing a Mother Hubbard clause] final for appellate purposes." *Id.* at 415 (discussing *Mafrige*, 866 S.W.2d 590 (Tex.1993)).[2] "If an otherwise outstanding claim logically cannot be brought within the grasp of the Mother Hubbard clause, the order is interlocutory." *Id.* at 416. The court abated the appeal for thirty days and directed the trial court to clarify its judgment. *Id.*

■ This judgment addresses the merits of Sue's claims against the Lockharts but does not purport to address the merits of her claims against Larry. The inclusion of the Mother Hubbard clause appears to be a remediable error. Thus, we will apply Rule 44.4 of the Rules of Appellate Procedure, abate the appeal for thirty days, and remand the cause to the trial court with directions to correct the error. TEX.R.APP. P. 44.4(b). The corrected order signed by the trial judge shall be included in a supplemental record to be filed herein by the trial court clerk within twenty-three days after the date of this order. *Id.* 34.5(c). We will then proceed accordingly. *Id.* 44.4(b).

*Douglas Lehmann and Virginia Lehmann v. Har-Con Corp.*, No. 99–0406, 43 Tex.Sup.Ct.J. 94 (November 12, 1999).