**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed June 6, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00451-CV

### IN RE EDWARD R. NEWSOME, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2005-06163**

---

## MEMORANDUM OPINION

Relator Edward R. Newsome , an inmate confined in the Institutional Division of the Texas Department of Criminal Justice appearing *pro se*, filed a petition for writ of mandamus in this court.[1] *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relator seeks to re-litigate a civil suit in which a final judgment was rendered in 2005. He seeks a new trial, appointment of

---

[1] In 1986, relator was convicted of unauthorized use of a motor vehicle, and he was sentenced to thirty-nine years in prison. This court affirmed his conviction in 1988, and the Texas Court of Criminal Appeals refused his petition for discretionary review. *See Newsome v. State*, No. C14–87–00048–CR, 1988 WL 26430 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd) (not designated for publication).

counsel, and referral of the case to arbitration. We dismiss the petition for want of jurisdiction.

We have general mandamus jurisdiction over a judge of a district or county court in our court of appeals district. *See* Tex. Gov't Code §22.221(b). We also have jurisdiction to issue a writ of mandamus when it is necessary to enforce our jurisdiction. *See id.* §22.221(a). We have no pending case; therefore, we have no jurisdiction to enforce. Relator does not seek mandamus relief against a district or county court judge. Under a liberal construction of the petition, relator seeks mandamus relief regarding the district court's September 14, 2005 judgment in his suit against St. Luke's Hospital. *See Newsome v. St. Luke's Hosp.*, No. 14–06–01149–CV, 2007 WL 1558759, at *1 (Tex. App.—Houston [14th Dist.] May 31, 2007, no pet.) (mem. op.)

Relator filed an untimely appeal from that judgment. To perfect an appeal, a party must file a timely notice of appeal with the trial court clerk. *See* Tex. R. App. P. 25.1(a). Generally, a notice of appeal is due within 30 days after the judgment is signed. *See* Tex. R. App. P. 26.1. The deadline to file a notice of appeal is extended to 90 days after the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* Tex. R. App. P. 26.1(a)(1). An appellate court may extend these deadlines only when a notice of appeal is filed within 15 days of its due date. *See* Tex. R. App. P. 26.3.

If a party's notice of appeal is not timely filed, an appellate court cannot exercise jurisdiction over the party's attempted appeal, and the court must dismiss the appeal. *See Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex. 1997) (holding once extension period has passed, a party can no longer invoke an appellate court's jurisdiction); *see also Charette v. Fitzgerald*, 213 S.W.3d 505, 509 (Tex. App.—

Houston [14th Dist.] 2006, no pet.) (dismissing untimely cross-appeal). The judgment in relator's suit against St. Luke's Hospital was signed September 14, 2005. Relator's notice of appeal was not filed until over one year later, on December 20, 2006. Accordingly, we dismissed relator's appeal for want of jurisdiction. *See Newsome,* 2007 WL 1558759, at *1.

The 2005 judgment in relator's suit against St. Luke's Hospital is final. This court's opinion and judgment in relator's appeal from that judgment issued May 31, 2007. Appellant's motion for rehearing was denied July 26, 2007. Relator did not file a petition for review with the Texas Supreme Court. Rule 19.1(b) provides that a court of appeals' plenary power expires "30 days after the court overrules all timely filed motions for rehearing or en banc reconsideration, and all timely filed motions to extend time to file such a motion." Therefore, our plenary power expired August 27, 2007. *See* Tex. R. App. P. 19.1(b); *see also* Tex. R. App. P. 4.1(a) (providing that deadlines are extended to the next day that is not a Saturday, Sunday, or legal holiday).

Texas Rule of Appellate Procedure 19.3 provides that after the expiration of the court of appeals' plenary power, the court cannot vacate or modify its judgment. *See Kacal v. Cohen,* 13 S.W.3d 900, 902 (Tex. App.—Waco 2000, no pet.) (stating that the rule regulates the orderly and timely process of moving a case from trial to finality); *see also Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied) (holding court of appeals was without jurisdiction to review judgment debtor's complaints because appellate court's plenary power had long since expired). This court's mandate issued Oct. 5, 2007. An appeal is final when the court of appeals issues its mandate. *See In re Long*, 984 S.W.2d 623, 626 (Tex. 1999) (orig. proceeding); *see also Edwards Aquifer Auth. v. Chem. Lime, Ltd*., 291 S.W.3d 392, 416 n. 19 (Tex. 2009) (listing cases

establishing that issuance of mandate renders judgment final). This judgment has been final by appeal for a number of years, and thus any issue regarding mandamus relief as to that proceeding and judgment is moot. *See In re HEB Grocery Co., L.P.*, No. 14-10-00270-CV, 2010 WL 1790881, at *1 (Tex. App.—Houston [14th Dist.] May 6, 2010, orig. proceeding) (mem. op.) (dismissing as moot mandamus petition that sought relief that would have no practical effect on any existing controversy).

Therefore, because the judgment in relator's suit against St. Luke's Hospital is final, we have no authority over the case. Because relator seeks relief over which we have no mandamus jurisdiction, we lack jurisdiction to grant relief. Accordingly, we dismiss relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Frost and Donovan.

4