IN THE COURT OF CRIMINAL APPEALS OF TEXAS
NO.# 13-13-00327-CR
ON PETITION FOR DISCRETIONARY REVIEW OF THE FOLLOWING:

In the Court of Appeals for the Thirteenth District of
Texas

Court of Appeals of Texas,
Corpus Christi-Edinburg
No.13-13-00327-CR

Noel Gonzalez, Appellant,
v.
The State of Texas, Appellee.
NUMBER 13-13-00327-CR Delivered and filed February 5,
2015

On appeal from the 103rd District Court of Cameron
County, Texas. Trial Court No.2012-DCR-2380-D

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Larry Warner
Counsel for Noel Gonzalez
3109 Banyan Circle
Harlingen, Texas 78550
Phone (956)230-0361
Email: office@larrywarner.com
Texas Bar#20871500;
USDC, SDTX 1230;
Board Certified, Criminal Law,
Texas Board of Legal
Specialization(1983)
Member of the Bar of the
Supreme Court of the United
States (1984)

RECEIVED IN
COURT OF CRIMINAL APPEALS

September 22, 2015

ABEL ACOSTA, CLERK

Pursuant to *TEX.R.APP.P.68.4,Appellant provides the following identity of parties and counsel:*

## IDENTITY OF PARTIES AND COUNSEL

1. Noel Gonzalez, Petitioner

2. Hon. Luis V. Saenz, District Attorney, 964 East Harrison; Brownsville, TX 78520
   Attorney at trial and on appeal and on Petition for Discretionary Review for the State;

3. Hon. Noe Robles, 23331 Tamm Ln, Harlingen, TX 78550
   Attorney at trial for Defendant.

4. Hon. Rene Gonzalez, Assistant Cameron County District Attorney, Attorney for Appellant on Appeal.

5. Hon. Larry Warner, Attorney for Petitioner on Petition for Discretionary Review and on appeal, 3109 Banyan Circle, Harlingen, Texas 78550

Pursuant to TEX.R.APP.P.68.4(a), Petitioner provides this Table of Contents with reference to the pages of the Petition, indicating the subject of each ground or question presented for review.

## TABLE OF CONTENTS

PAGE

Table of Contents.. . . . . . . . . . . . . . . . . . 3 - 4

Index of Authorities .. . . . . . . . . . . . . . . . . 5

Statement re oral argument .. . . . . . . . . . . . . . 6

Statement of the case.. . . . . . . . . . . . . . . 7 - 8

Statement of procedural history.. . . . . . . . . . . . 9

Grounds for Review. . . . . . . . . . . . . . . . 10 - 11

1. The Court of Appeals decision conflicts with another Court of Appeals decision on the same issue. The issue is whether a Court of Appeals should use its plenary power to reinstate a dismissed appeal. The decision of the other Court of Appeals is **Bomar v. Walls Regional Hospital,**971 S.W.2d 670(Tex.App.-Waco 1998,pet.gntd,r.o.g.9 S.W.3d 805)

2. The record is tainted with perjury. The record shows that the defendant told the judge he had no history of mental problems. At the hearing on the motion for new trial, his mother testified that his mental problems and hospitalizations were lifelong. The Defendant said his guilty-plea lawyer told him to lie to the judge about those problems. The cold record shows that he did just that. The state did not call that guilty-plea lawyer at the motion for new trial. **Communist Party of the United States v. Subversive Activities Control Board,**367U.S.1,19(1967)

"Finding that the Party's allegations of perjury had not been denied by the Attorney General, and concluding that the registration order based on a record impugned by a charge of perjurious testimony on the part of three witnesses whose evidence constituted a not insubstantial portion of the Government's case could not stand, this Court remanded to the Board 'to make certain that (it) bases its findings upon untainted evidence.' 351 U.S. 115, 125, 76 S.Ct. 663, 668, 100 L.Ed. 1003." **Communist Party of the United States v. Subversive Activities Control Board,**367U.S.1,19(1967)

Argument.......................................12 – 18

Certificate of Service.........................19 – 20

Appendix..........................................21

Certificate of Compliance......................22 – 23

Pursuant to TEX.R.APP.P.68.4(b), Petitioner provides an Index of Authorities, arranged alphabetically and indicating the pages of the petition where the authorities are cited.

## INDEX OF AUTHORITIES

**CASES:**                                                        **PAGES**

**Communist Party of the United States v. Subversive Activities Control Board**, 367U.S.1, 19 (1967).......................................3, 6, 10, 14
    An appellate court may remand for investigation uncontroverted instances of perjury in the record.

**Bomar v. Walls Regional Hospital**,971 S.W.2d 670(Tex.App.-Waco 1998,pet.gntd,r.o.g.9 S.W.3d 805).................................3, 8, 10, 12, 13
    A Court of Appeals has plenary power
to reinstate a dismissed appeal.

**Midkiff v. Hancock East Texas Sanitation**, Inc.,996 S.W.2d 414(Tex.App.-Beaumont 1999,no pet.)...................13
    The matter of plenary jurisdiction is important to the jurisprudence of the state

**Ex Parte Sledge**, 391S.W.3d104, 105hn1(Tex.Crim.App. 2013)...............................................14
    While we are not unsympathetic to the applicant's claim, this Court lacks the authority to grant him relief.

**Ex parte Ghahremani**,332 S.W.3d 470(Tex.Crim. App. 2011)...............................................15
    The Court of Criminal Appeals of Texas recently granted relief to one whose trial was besmirched by perjury.

Pursuant to TEX.R.APP.P. 68.4(c), Petitioner includes a short statement of why oral argument would be helpful.

## STATEMENT RE ORAL ARGUMENT

Oral argument would be helpful to the decisional process because counsel and the Judges of the Court of Criminal Appeals could discuss when a Court of Appeals should use its discretion to reinstate an appeal dismissed for failure to file a brief, when counsel represented that he had timely prepared the brief but was mistaken in believing that it had been filed.

The Court and Counsel could discuss whether the state's failing to call the lawyer at the hearing on the motion for new trial to respond to the allegation that that lawyer told the defendant to lie to the judge about not having any history of mental problems was the same conduct as the Attorney General's not denying the Petitioner's allegations of perjury in **Communist Party of the United States v. Subversive Activities Control Board**,367U.S.1,19(1967). That failure to deny prompted a remand.

Pursuant to TEX.R.APP.P.68.4(d), Petitioner provides a statement of the case, noting briefly the nature of the case, and reserving the details of the case for statement with the pertinent grounds or questions.

## STATEMENT OF THE CASE

The nature of the case was a prosecution of Petitioner for sexual assault on a child, multiple counts. It is now a review of the action of the Court of Appeals for the Thirteenth District in failing to reinstate Petitioner's appeal.

Petitioner pleaded guilty and submitted the matter to the Judge. He had had mental problems. He waived his right to appeal.

The Judge found him guilty. The judge imposed a sentence of confinement in the penitentiary. Defendant changed counsel and moved for a new trial, averring that his "plead-guilty" lawyer had told him to lie to the Judge and say that he had never had any mental problems. The evidence at the hearing on the Motion for New Trial from the defendant's mother tended to show that he had indeed had a lifelong history of mental problems and hospitalizations. The cold record plainly shows that he did tell the Judge that he had not had any mental problems. The state did not call defendant's "plead-guilty" lawyer as a witness at the hearing on the motion for new trial.

Petitioner timely filed a Notice of Appeal to the Court of Appeals for the Thirteenth District of Texas.

The Court of Appeals dismissed Petitioner's appeal, holding his waiver of appeal effective.

Defendant filed a Motion to Reinstate and Brief in Support, relying on **Bomar v. Walls Regional Hospital,** 971 S.W.2d 670(Tex.App.-Waco 1998,pet.gntd,r.o.g.9 S.W.3d 805)

The Court of Appeals denied the Motion to Reinstate.

Petitioner sought and was granted an extension of time to file this Petition for Discretionary Review.

Pursuant to TEX.R.APP.P.68.4(e), Petitioner provides a Statement of Procedural History.

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

The court of appeals is the Court of Appeals for the Thirteenth District of Texas.

Re: TEX.R.APP.P.10.5(b)(3)(B), the date of Court of Appeals' opinion is February5. 2015. The decision denying reinstatement is dated August 19, 2015.

Re: TEX.R.APP.P.10.5(b)(3)(C) the case number in the Court of Appeals is No. 13-13-00327-CR

Re: TEX.R.APP.P.10.5(b)(3) (D), the date every motion for rehearing or en banc reconsideration was filed.

On July 16, 2015, Petitioner filed a motion to reinstate appeal. On August 3, 2015, the State requested the Court to Deny Appellant's Motion to Reinstate Appeal.

On July 17,2015, the Court of Appeals, 13th District Court received Appelant's Brief. On July 20, 2015, the Court requested the state to respond to Appellant's Motion to Reinstate Appeal by July 30, 2015. Response was filed August 3, 2015.

On August 19, 2015, Motion to Reinstate Appeal was denied by the Court.Pursuant to TEX.R.APP.P.68.4(f), Petitioner states briefly, without argument, the questions presented for review, expressed in the terms and circumstances of the case, but without unnecessary detail.

## GROUNDS FOR REVIEW

Grounds for Review. . . . . . . . . . . . . . . . . . . . . . .

    1. The Court of Appeals decision conflicts with another Court of Appeals decision on the same issue. The issue is whether a Court of Appeals should use its plenary power to reinstate a dismissed appeal. The decision of the other Court of Appeals is **Bomar v. Walls Regional Hospital**,971 S.W.2d 670(Tex.App.-Waco 1998,pet.gntd,r.o.g.9 S.W.3d 805)

    2. The record is tainted with perjury. The record shows that the defendant told the judge he had no history of mental problems. At the hearing on the motion for new trial, his mother testified that his mental problems and hospitalizations were lifelong. The Defendant said his guilty-plea lawyer told him to lie to the judge about those problems. The cold record shows that he did just that. The state did not call that guilty-plea lawyer at the motion for new trial. **Communist Party of the United States v. Subversive Activities Control Board**,367U.S.1,19(1967)

"Finding that the Party's allegations of perjury had not been denied by the Attorney General, and concluding that the registration order based on a record impugned by a charge of perjurious testimony on the part of three witnesses whose evidence constituted a not insubstantial portion of the Government's case could not stand, this Court remanded to the Board 'to make certain that (it) bases its findings upon untainted evidence.' 351 U.S. 115, 125, 76 S.Ct. 663, 668, 100 L.Ed. 1003." **Communist Party of the United States v. Subversive Activities Control Board,** 367 U.S. 1, 19 (1967)

Pursuant to TEX.R.APP.P.68.4(g), Petitioner provides a direct and concise argument, with supporting authorities, amplifying the reasons for granting review.

**ARGUMENT**

1. The Court of Appeals decision conflicts with another Court of Appeals decision on the same issue. The issue is whether a Court of Appeals should use its plenary power to reinstate a dismissed appeal. The decision of the other Court of Appeals is **Bomar v. Walls Regional Hospital,** 971 S.W.2d 670 (Tex.App.-Waco 1998,pet.gntd,r.o.g.9 S.W.3d 805)

The appellate lawyer did not file the brief on time.

The Court of Appeals dismissed the appeal, holding that Appellant had waived his right to appeal in a plea bargain.

The appellate lawyer tendered a brief on the merits as well as a motion requesting that the Court of Appeals use its plenary power to reinstate the appeal. He said that he had timely prepared the brief but was mistaken in thinking that it had indeed been filed. The brief on the merits assailed Appellant's mental competence to execute an effective waiver; it also alleged that the lawyer who

had Appellant plead guilty had told Appellant to lie to the Judge and say that Appellant had no history of mental problems. Appellant's mother testified at the hearing on the motion for new trial that Appellant had indeed had a lengthy history of mental problems and hospitalizations.

The appellate lawyer cited the Court of Appeals to **Bomar v. Walls Regional Hospital,** 971 S.W.2d 670(Tex.App.-Waco 1998,pet.gntd,r.o.g.9 S.W.3d 805), in which the Tenth Court of Appeals held a motion to reinstate untimely but reinstated the appeal nonetheless, and asked the Thirteenth Court of Appeals to use *its* plenary power to reinstate the appeal. It did not.

The Court of Criminal Appeals of Texas should grant this petition and should allow full briefing to determine that the Court of Appeals did indeed have plenary jurisdiction to reinstate the appeal. The matter of plenary jurisdiction is important to the jurisprudence of the state, in addition to the formal reason stated in this petition. In addition to **Bomar,** the matter arose in **Midkiff v. Hancock East Texas Sanitation,** Inc.,996 S.W.2d 414(Tex.App.-Beaumont 1999,no pet.)

This Court recently noted lack of jurisdiction in a post-judgment proceeding. "While we are not unsympathetic to the applicant's claim, this Court lacks the authority to grant him relief." **Ex Parte Sledge**, 391S.W.3d104, 105hn1(Tex.Crim.App.2013)

The Court of Criminal Appeals should grant this petition to determine that the Court of Appeals did indeed have plenary jurisdiction to reinstate the appeal.

2. The record is tainted with perjury. The record shows that the defendant told the judge he had no history of mental problems. At the hearing on the motion for new trial, his mother testified that his mental problems and hospitalizations were lifelong. The Defendant said his guilty-plea lawyer told him to lie to the judge about those problems. The cold record shows that he did just that. The state did not call that guilty-plea lawyer at the motion for new trial. **Communist Party of the United States v. Subversive Activities Control Board,**367U.S.1,19(1967)

> "Finding that the Party's allegations of perjury had not been denied by the Attorney

General, and concluding that the registration order based on a record impugned by a charge of perjurious testimony on the part of three witnesses whose evidence constituted a not insubstantial portion of the Government's case could not stand, this Court remanded to the Board 'to make certain that (it) bases its findings upon untainted evidence.' 351 U.S. 115, 125, 76 S.Ct. 663, 668, 100 L.Ed. 1003." **Communist Party of the United States v. Subversive Activities Control Board,**367U.S.1,19(1967)

The Court of Criminal Appeals of Texas recently granted relief to one whose trial was besmirched by perjury. 332 S.W.3d 470(Tex.Crim. App.2011)

Here, the defendant himself commits aggravated perjury at the instance of his counsel, telling the Judge that he has no history of mental problems or hospitalizations; the uncountered, uncontradicted evidence at the motion for new trial showed that he had a lifelong history of both problems and hospitalizations.

Normally we do not let people profit from their own wrongs. Aggravated perjury is a crime against the justice system itself. But here it was at the instance of an officer of the Court, the initial defense lawyer, who told the defendant to lie to the Judge and say that he did not

have mental problems or hospitalizations when he did in fact have those problems and hospitalizations. Here, the defendant, according to the testimony at the motion for new trial, had a history of mental problems and hospitalizations.

So, the testimony about the mental problems and the allegation that the "plead guilty" lawyer told the defendant to lie to the judge about whether the defendant ever had any mental problems or hospitalizations, combine to take this case out of the realm of those in which we do not let people profit from their own wrongs...here the defendant's lying to the judge about whether he had mental problems or not.

If he was incompetent at the time of the plea, he was not responsible for making that false statement to the judge.

If he was competent but followed the advice of counsel to lie to the judge, the system must react to its officer impelling perjury.

If the Judge had known about the history and hospitalizations at the plea, she should have at least

ordered an examination to be sure of the defendant's competence. Hearing from the mother at the motion for new trial about defendant's history and hospitalizations, the Judge should have granted a new trial.

The Court of Appeals should have determined that it had plenary jurisdiction to reinstate the dismissed the appeal, considering the seriousness of the allegation of perjury and the explanation that the lawyer had prepared the brief and was mistaken in thinking that the brief had been filed, when it had not been filed.

## CONCLUSION AND REQUEST FOR RELIEF

The Court of Criminal Appeals should grant this Petition for Discretionary Review, considering that the petition deals with plenary jurisdiction and with allegations of a record tainted by perjury.

The Court of Criminal Appeals should allow full briefing.

The Court of Criminal Appeals should remand for an investigation of the averments of perjury, given that the prosecutor did not call the defense lawyer, who, said the defendant in the motion for new trial, told the defendant

to lie to the judge and say that the defendant did not have a history of mental problems and hospitalizations, when, in fact, he did.

The Court of Criminal Appeals should require a new trial.

Respectfully submitted
September 18, 2015

By:

Larry Warner
Attorney for Noel Gonzalez
3109 Banyan Drive
Harlingen, Texas 78550
Office: 956 230 0361
Facsimile: 1-866-408-1968
Email: office@larrywarner.com
State Bar of TX 20871500;
USDC, SDTX 1230(1981)
Board Certified, Criminal Law,
Texas Board Legal
Specialization(1983)
Member of the Bar of the
Supreme Court of the United
States(1984)

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
NO.# 13-13-00327-CR
ON PETITION FOR DISCRETIONARY REVIEW OF THE FOLLOWING:

In the Court of Appeals for the Thirteenth District of
Texas

Court of Appeals of Texas,
Corpus Christi-Edinburg
No.13-13-00327-CR

Noel Gonzalez, Appellant,
v.
The State of Texas, Appellee.
NUMBER 13-13-00327-CR Delivered and filed February 5,
2015

On appeal from the 103rd District Court of Cameron
County, Texas. Trial Court No.2012-DCR-2380-D

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
**CERTIFICATE OF SERVICE**
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This is to certify that a true and correct copy of the foregoing **APPELLANT'S PETITION FOR DISCRETIONARY REVIEW,** was sent Electronically Via EFC to the following counsel of record on September 10, 2015, the day it was filed.

LUIS V. SAENZ, Cameron County District Attorney's Office, 964 E. Harrison, Brownsville, Texas 78520. Phone (956) 544-0849. Fax (956) 544-0869. Email: district.attorney@co.cameron.tx.us

LAW OFFICE OF LARRY WARNER
RESPECTFULLY SUBMITTED
September 18, 2015

By:

Larry Warner,
Counsel for Noel Gonzalez
3109 Banyan Circle
Harlingen, Texas 78550
Phone: (956)230-0361
Facsimile: (866)408-1968
office@larrywarner.com
State Bar of TX 20871500;
USDC,SDTX 1230(1981)
Board Certified, Criminal Law,
Texas Board Legal
Specialization(1983)
Member of the Bar of the
Supreme Court of the
United States(1984)

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
NO.# 13-13-00327-CR
ON PETITION FOR DISCRETIONARY REVIEW OF THE FOLLOWING:

In the Court of Appeals for the Thirteenth District of
Texas

Court of Appeals of Texas,
Corpus Christi-Edinburg
No.13-13-00327-CR

Noel Gonzalez, Appellant,
v.
The State of Texas, Appellee.
NUMBER 13-13-00327-CR Delivered and filed February 5,
2015

On appeal from the 103rd District Court of Cameron
County, Texas. Trial Court No.2012-DCR-2380-D


**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**APPENDIX**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***


Order

    A copy of the opinion of the Court of Appeals for
the Thirteenth District is attached.

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
NO.# 13-13-00327-CR
ON PETITION FOR DISCRETIONARY REVIEW OF THE FOLLOWING:

In the Court of Appeals for the Thirteenth District of
Texas

Court of Appeals of Texas,
Corpus Christi-Edinburg
No.13-13-00327-CR

Noel Gonzalez, Appellant,
v.
The State of Texas, Appellee.
NUMBER 13-13-00327-CR Delivered and filed February 5,
2015

On appeal from the 103rd District Court of Cameron
County, Texas. Trial Court No.2012-DCR-2380-D

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
**CERTIFICATE OF COMPLIANCE**
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

1.  This brief complies with the type-volume limitation
    of FED. R. APP. P. 32(a)(7)(B) because:  this brief
    contains **3368** words, excluding the parts of the
    brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

2.  This brief uses a monospaced typeface and contains
    **695** lines of text, excluding the parts of the brief
    exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

3.  This brief complies with the typeface requirements
    of FED. R. APP. P. 32(a)(5) and the type style
    requirements of FED. R. APP. P. 32(a)(6) because:
    this brief has been prepared in a proportionally
    spaced typeface using **Word Perfect X6** in **Courier**

**<u>New in font size 14pt.</u>**

The undersigned understands a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in 5th CIR. R. 32.2.7, may result in the court's striking the brief and imposing sanctions against the person signing the brief.

LAW OFFICE OF LARRY WARNER
RESPECTFULLY SUBMITTED
September 18, 2015

By:

Larry Warner,
Counsel for Noel Gonzalez
3109 Banyan Circle
Harlingen, Texas 78550
Phone: (956)230-0361
Facsimile: (866)408-1968
office@larrywarner.com
State Bar of Tx 20871500;
USDC,SDTX 1230(1981)
Board Certified, Criminal Law,
Texas Board Legal
Specialization(1983)
Member of the Bar of the
Supreme Court of the
United States(1984)



NUMBER 13-13-00327-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

NOEL GONZALEZ,                                                    Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

## On appeal from the 103rd District Court
## of Cameron County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion Per Curiam

Appellant, Noel Gonzalez, filed a notice of appeal in this Court on June 14, 2013.

On June 27, 2013, the trial court certified that appellant waived his right to appeal. *See*

TEX. R. APP. P. 25.2(a)(2). On June 28, 2013, this Court notified appellant's prior counsel

of the trial court's certification and ordered counsel to: (1) review the record; (2) determine

whether appellant has a right to appeal; and (3) forward to this Court by letter, counsel's

findings as to whether appellant has a right to appeal and/or advise this Court as to the existence of any amended certification.  We further ordered counsel to file a motion with this Court within thirty days of receipt of the notice, "identifying and explaining substantive reasons why appellant has a right to appeal" if appellant's counsel determined that appellant had the right to appeal.  *See* TEX. R. APP. P. 44.3; 44.4.  No response was received from appellant's counsel.  On September 3, 2013, we abated the appeal and remanded the case to the trial court for a hearing to determine why counsel had failed to comply with this Court's June 28, 2013 order (the "44.3 Order").  On November 7, 2013, appellant's counsel filed "Counsel's Response to Order of the [Thirteenth] Court of Appeals Regarding Abatement" stating that counsel wished to continue representing appellant and that counsel could file a brief within sixty days.  Counsel's response does not establish that the trial court's certification currently on file is incorrect or that appellant otherwise has a right to appeal.

Following the abatement, on November 7, 2013, new appellate counsel filed an appearance of counsel for appellant, a response to the abatement order, and a motion for leave to file a supplemental response once the record is complete, specifically the reporter's record of the hearing on the motion for new trial.  Again, this response does not establish that the trial court's certification currently on file is incorrect or that appellant otherwise has a right to appeal.

On February 14, 2014, the reporter's record was filed and the cause reinstated.  The Court granted appellant's motion for extension of time to comply with the 44.3 Order by filing a supplemental response by March 24, 2014.  No response to the Court's 44.3 Order was received.  Thus, on April 15, 2014, we abated the case and remanded the

case to the trial court for a hearing to determine why counsel has failed to comply with this Court's 44.3 Order.

On June 27, 2014, the trial court held a hearing. Counsel's statements at the hearing do not establish that the certification currently on file with this Court is incorrect or that appellant otherwise has a right to appeal.[1] On September 4, 2014, we reinstated the case and gave counsel thirty days to respond to our 44.3 Order and to explain why the trial court's certification is incorrect, if it is. Counsel requested that we extend the due date until October 13, 2014, and we granted that request. Counsel has not filed a response.

The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if the trial court's certification does not show that the defendant has the right to appeal. TEX. R. APP. P. 25.2(d); *see id.* R. 37.1, 44.3, 44.4. Moreover, we have reviewed the record and there is nothing showing that the trial court's certification currently on file is incorrect or that appellant otherwise has the right to appeal.[2] *See* TEX. R APP. P. 25.2(a)(2) (providing that a defendant pleading guilty pursuant to a plea agreement has a right to appeal only matters raised by written motion filed and ruled on before trial if the punishment imposed by the trial court does not exceed the punishment recommended by

---

[1] Instead, at the hearing, counsel argued that the record was incomplete; therefore, he could not determine whether appellant had a right to appeal and could not respond to this Court's 44.3 Order. The trial court stated that appellant had no right to appeal because he pleaded guilty pursuant to a plea agreement with the State. However, the trial court granted counsel's request for a complete record.

[2] Pursuant to a plea agreement with the State, appellant pleaded guilty to three counts of aggravated sexual assault of a child. The trial court followed the State's recommendation on punishment and assessed the agreed-upon twelve-year sentence. At the plea hearing, the trial court admonished appellant orally and in writing that he was waiving his right to an appeal by pleading guilty.

Although appellant filed several pretrial motions, the trial court did not rule on any of those motions before appellant pleaded guilty. Also, at a post-trial hearing, the trial court stated that it has not and would not grant appellant permission to appeal this case.

3

the State and agreed upon by the defendant); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *Cooper v. State*, 45 S.W.3d 77, 77 (Tex. Crim. App. 2001) (concluding that rule 25.2(b) forbids a plea bargaining defendant from appealing the voluntariness of his plea); *Escochea v. State*, 139 S.W.3d 67, 75 (Tex. App.—Corpus Christi 2004, no pet.) (stating that the appellant "waived any appeal of the voluntariness of his plea [and that he waived any claim of ineffective assistance] when he pleaded guilty to a felony pursuant to an agreed punishment recommendation"). Accordingly, we must DISMISS this appeal.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of February, 2015.

4

Print this page

# Envelope 6990268

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 09/18/2015 02:39:26 PM |
| Case Number | PD-1237-15 |
| Case Description | |
| Assigned to Judge | |
| Attorney | LARRY WARNER |
| Firm Name | LAW OFFICE OF LARRY WARNER |
| Filed By | LARRY WARNER |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | TX REG OPERATING |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 11456456 |
| Order # | 006990268-0 |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Petition for Discretionary Review |
| Filing Description | APPELLANT'S PETITION FOR DISCRETIONARY REVIEW |
| Reference Number | NOEL GONZALEZ |
| Comments | |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| | 09/22/2015 | This petition was due in the Court of Criminal Appeals on March 9, 2015. The 13th |

| Other | 01:33:15 PM | Court of Appeals issued mandate in this case on April 27, 2015. Your petition is untimely; it will be received and scanned, but no action will be taken on this matter. |
|---|---|---|

## Documents

| *Lead Document* | FINAL PDR.pdf | [Original] |
|---|---|---|

## eService Details

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| LUIS V, SAENZ district.attorney@co.cameron.tx.us | DISTRICT'S ATTORNEY'S OFFICE | EServe | Sent | Yes | Not Opened |

## Appendix

| Filing Type | EFileAndServe |
|---|---|
| Filing Code | Appendix |
| Filing Description | EXHIBIT A |
| Reference Number | NOEL GONZALEZ |
| Comments | |
| Status | Rejected |

### Fees

| Court Fee | $0.00 |
|---|---|
| Service Fee | $0.00 |

### Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| Other | 09/22/2015 01:33:15 PM | Same as the petition. |

### Documents

| *Lead Document* | MEMEORANDUM & OPINION -- 020515.pdf | [Original] |
|---|---|---|

## eService Details

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| LUIS V, SAENZ district.attorney@co.cameron.tx.us | DISTRICT'S ATTORNEY'S OFFICE | EServe | Sent | Yes | Not Opened |